GEORGE GRIME *vs.* WILLIAM A. BORDEN.

GEORGE GRIME, trustee, *vs.* SAME.

GEORGE GRIME *vs.* SAME.

Bristol.　October 29, 1895. — May 23, 1896.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Indenture of Husband, Wife, and Trustee — General Covenants — Action.*

A trustee under an indenture, executed by him and a husband and wife after the last two named had separated and were living apart, may enforce for the benefit of the wife the covenant of the husband with him to the effect that the husband would pay to the wife for her support a certain sum of money a month while she so lived apart from him.

Where a trustee and a husband and a wife executed an indenture, after the last two named had separated and were living apart, and an action was brought thereon by the trustee, for the benefit of the wife, against the husband, on the covenant of the husband with him to the effect that the husband would pay to the wife for her support a certain sum of money a month while she so lived apart from him, the court said that, whether the provision that the wife "shall have the sole care and custody of their minor child E. during her minority, without any interference whatsoever on the part of said husband," was void as against public policy or not, it was separable from the promise of the husband so to pay the money, and it must be taken on the report that the wife had supported the child during her minority, or at least that the husband had not been called upon to support her.

THREE ACTIONS OF CONTRACT, the second in the plaintiff's name as trustee, and all for the use and benefit of Mary A. Borden, to recover the sum of one hundred dollars a month for different periods of time, under an indenture executed by the plaintiff and a husband and wife, after the last two named had separated and were living apart.

At the trial in the Superior Court, before *Lilley*, J., the defendant requested the judge, 1. to direct the jury to return a verdict for the defendant; 2. to rule that, if the plaintiff could recover any damages, he could recover only nominal damages. The judge refused so to rule, and directed the jury to return a verdict in each case for the plaintiff for the amount claimed, with interest, and, at the request of the parties, reported the cases for the determination of this court. If the verdicts were rightly ordered, judgment was to be entered upon them

respectively; otherwise, they were to be set aside. The facts appear in the opinion, and in a note by the reporter.

*J. W. Cummings,* (*C. R. Cummings* with him), for the defendant.

*A. J. Jennings & J. M. Morton, Jr.,* for the plaintiff.

FIELD, C. J. These are three actions on the same agreement, all brought for the use and benefit of Mary A. Borden, to recover the sum of one hundred dollars a month for different periods of time, under the following clause of the agreement: " 4. Said husband shall pay to said wife, upon the execution of these presents, the sum of two hundred dollars in cash, and shall also, between the first and fifth days of each and every month hereafter, beginning with the first day of August, A. D. 1892, pay to the said wife the sum of one hundred dollars for the support and maintenance of herself; also for the support and maintenance of the said Elizabeth during her minority."

The writ in the first suit is dated February 19, 1894, and the suit is to recover the balance due for the months from December 1892, to December, 1893, inclusive. The writ in the second suit is dated June 13, 1894, and the suit is to recover the payments due for four months, from March, 1894, to June, 1894, inclusive. The writ in the third suit is dated October 15, 1894, and the suit is to recover the payments due for the months from July, 1894, to October, 1894, inclusive.

At the time of the execution of this agreement, William A. Borden and Mary A. Borden were husband and wife, and had separated from each other and were living apart, and they have continued to live apart ever since. Mrs. Borden has fully kept her part of the agreement, but Mr. Borden has not paid in full the $100 per month according to the agreement. The child Elizabeth, referred to in the agreement, was born in February, 1875, and was therefore a minor at the time when the agreement was executed; she was married in October, 1893, and is now living with her husband, but until her marriage she lived with her mother.

It is said in *Fox* v. *Davis,* 113 Mass. 255, of an agreement on the part of the husband to pay money to a trustee for the support of his wife while she lives apart from him: " The great weight of authority sustains the validity of such con-

tracts, where the separation has taken place, or is to take place immediately. But where the agreement is made in contemplation of future separation, the current of authority is against its validity."

Whether the provision of the agreement that the wife " shall have the sole care and custody of their minor child Elizabeth, during her minority, without any interference whatsoever on the part of said husband," is void as against public policy or not, it is, we think, separable from the promise of the husband to pay the one hundred dollars a month to his wife, and it must be taken on the report that the wife has supported the child during her minority, or at least that the husband has not been called upon to support her. See *Vansittart* v. *Vansittart*, 2 DeG. & J. 249; *Wodell* v. *Coggeshall*, 2 Met. 89; *State* v. *Smith*, 6 Greenl. 462; *Mercein* v. *People*, 25 Wend. 64.

The real difficulty in the present cases arises from the form of the agreement, the first three clauses of which are as follows:

" Whereas, certain unhappy differences have arisen between the said husband and wife, by reason whereof they have agreed to live separate and apart from each other for the future, and to enter into the arrangement hereinafter contained and set forth, and

" Whereas, said George Grime has agreed to act as trustee, for the purpose of enforcing the arrangement intended to be hereby made:

" Now this indenture witnesseth, that in pursuance of the said arrangement and for the consideration herein appearing, the said husband, William A. Borden, doth hereby, so far as the agreements and provisions hereinafter contained are to be performed and kept by him or his heirs, executors, and administrators, covenant and agree with his said wife, Mary A. Borden, her executors and administrators, and also separately with the said trustee, George Grime, his executors, and administrators, and in like manner the said wife, Mary A. Borden, doth hereby, so far as the agreements and provisions hereinafter contained are to be performed by her, or her heirs, executors, and administrators, covenant and agree with the said husband, William A. Borden, his executors and administrators, and also separately with the said trustee and his executors and administrators, and the said

trustee, George Grime, doth covenant and agree with said William A. Borden and said Mary A. Borden, their respective executors and administrators, as follows."

The agreement is under seal, and it is clear, we think, that the husband has covenanted separately with George Grime, the trustee, that he will perform the provisions in the agreement on his part to be performed. We are inclined to think that the covenants on the part of the trustee construed in connection with the eighth clause of the agreement are to be taken to be covenants with the husband and wife severally, and not jointly; but however that may be, and even although the clause containing these covenants should be rejected as insensible, we see no sufficient reason why the trustee may not enforce, for the benefit of the wife, the covenant of the husband with him to the effect that the husband will pay to the wife for her support one hundred dollars a month while she lives apart from him.* We think, too, that the plaintiff can recover substantial damages; he recovers them for the benefit of the wife, who cannot sue her husband at law; but the trustee can sue for her and recover for her benefit what, if she were not the wife of the defendant, she could recover in her own name. *Holbrook* v. *Comstock*, 16 Gray, 109. *Fay* v. *Guynon*, 131 Mass. 31. *Drummond* v. *Crane*, 159 Mass. 577.

*Judgments on the verdicts.*

---

* The eighth clause of the agreement was as follows:

" The trustee above named shall take and begin any legal proceedings that shall be necessary and proper to enforce, maintain, and secure the rights of either husband or wife under this indenture, when applied to by either for that purpose, upon being indemnified against any costs and expenses by the party making such application; and in case the trustee shall for any cause refuse or neglect to take and begin such proceedings, said husband and wife and each of them shall have the right to take and begin such proceedings in the name of said trustee, or his executors or administrators, for the benefit of said husband or wife."