Case 97.—ACTION BY EMMA WOODRUFF AGAINST WIL-
LIARD F. WOODRUFF TO ENFORCE A WRITTEN CON-
TRACT BETWEEN HER AND HER HUSBAND.—Jan-
uary 19.

## Woodruff v. Woodruff.

Appeal from Jefferson Circuit Court, Chancery
Branch, Second Division.

SAM'L B. KIRBY, Judge.

From a judgment dismissing the petition the plain-
tiff appeals. Reversed.

1. Husband and Wife—Action for Divorce and Alimony—Recon-
ciliation—Dismissal of Action—Consideration—Written agree-
ment—Enforcement—Public Policy—Appellant having a suit
pending against her husband for divorce and alimony, in
order to settle same made a written contract with him agree-
ing to dismiss her suit and live with him, in consideration
of which he agreed that in case she should at any time
thereafter be unable to live with him for any good and sat-
isfactory cause, in lieu of her contingent rights of dower
and in full for her support and of such minor children as
might remain with her, she should receive out of his landed
estate $50 per month, during her life, which was to be a
charge and lien upon said landed estate (describing it). She
dismissed her suit and returned to her husband, but in a few
years was compelled to again leave him by reason of cruel
treatment, and instituted suit on the written contract to en-
force her lien for her support at the agreed sum of $50 per
month during her life. Held—The contract is not against
public policy, but is based on an adequate consideration and
is enforcible.

2. Extended Opinion—This is not strictly an action for divorce
or alimony, but an action to recover upon a contract. As
attorneys fees are not allowed by statute in actions on con-
tracts, the opinion should not be extended so as to allow
the plaintiff attorney's fees. But as the contract put specific
property in lien to secure its performance the lien ought to be
enforced thereon.

Woodruff v. Woodruff.

BENNETT H. YOUNG and M. W. RIPY for appellant.

F. HAGAN for appellee.

(Note by reporter—The brief for appellant is not in the record, and as appellee's brief is in response to it, both will be omitted.)

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

Emma Woodruff is the wife of Willard F. Woodruff. When they were living apart and a divorce suit was pending between them, which had been instituted by her, a reconciliation was made. The divorce action was dismissed, and the following written contract was entered into:

"This agreement, made and entered into this the 29th day of January, 1898, by and between Williard F. Woodruff of the first part, and Emma Woodruff of the second part, witnesseth: That whereas, there is a suit now pending in the Jefferson Circuit Court in which Emma A. Woodruff is the plaintiff and Williard F. Woodruff is defendant, for a divorce and alimony:

"Now it is hereby agreed between the parties hereto: That said suit is to be dismissed, settled, and in consideration of love and affection, and for the purpose of adjusting any differences which have existed or may exist between the parties hereto, and in consideration of the dismissal of said suit, said Williard F. Woodruff hereby agrees, in case said Emma A. Woodruff, his wife, should at any time hereafter leave him, or be unable to live with him, for any good or satisfactory cause, that she shall receive on account of her contingent rights of dower and in full for her support, and that of such children as during their minority remain with her, out of the landed estate of said Williard F. Woodruff, the sum of $50.-00 (fifty dollars) per month, to be paid on the first

day of each any every month during her natural life; and to secure the payment of said sum of fifty dollars, as hereinbefore set forth, it is hereby agreed that the same shall be a lien and a charge upon any interest which Williard F. Woodruff may have in and to the following described property: (Here follows description of property.)

"This charge, however, is not to take effect so long as the parties hereto shall live together, but in case said Emma A. Woodruff should for any good or satisfactory cause leave the said Williard F. Woodruff then this agreement is to take effect at once, and in case of the failure of said Williard F. Woodruff to pay said sum of $50.00 per month out of the rents, issues and profits of the said property above described within thirty days after such installment is due, then it is agreed that this lien may be enforced to pay said Emma A. Woodruff the sum of $50.00 per month, or in case the interest of said Williard F. Woodruff, after the payment of taxes or other charges shall equal the sum of $50 per month, then the payment of said sum of $50.00 shall be made out of the income of said property.

"In case this agreement takes effect, it is agreed that it shall be in full discharge of any rights of dower which said Emma A. Woodruff shall have in my estate, and said allowance to be not only when paid up in full of dower rights, but also in full for all claims for support for herself and such children as remain with her during their minority."

They thereupon resumed marital relations, but in October, 1901, Mrs. Woodruff filed this action, setting up the contract, and alleging that she had tried to live with her husband, and been to him what a good and kindly wife should be, but that his treatment of

her had been cruel and inhuman, and that she had been compelled to leave him by reason of his cruel and inhuman conduct towards her, and his abuse and neglect of her. She prayed judgment enforcing the contract, and for all proper relief. The defendant filed answer in which he denied the allegations of the petition as to his mistreatment of his wife, and pleaded that she had abandoned him, and prayed a divorce from her. On final hearing the court dismissed the petition and the counter-claim, and the wife appeals.

The proof clearly shows that the wife is not in fault, but that the husband has treated her cruelly and in such a way that no self-respecting woman could remain with him. We deem it unnecessary to go into an analysis of the evidence, or to state the facts in detail. It is insisted for the plaintiff that the contract relied on is contrary to public policy and unenforceable, for the reason that such contracts tends to cause disagreement and to produce the separation for which they provide. Under our Code a wife may maintain an action for alimony without suing for divorce. The proof introduced on behalf of Mrs. Woodruff is sufficient to entitle her to a judgment for alimony independently of the contract, and the amount of alimony secured to her by the contract is no more than the court will allow her if no contract had been made between the parties. We can see no grounds upon which it can be maintained that a contract to do what the law would require done without a contract violates any public policy. If the grounds of separation were not sufficient to warrant an allowance independently of the contract, or if the amount secured to her by the contract was more than the law would allow in the absence of a contract, then the question insisted on for the appellee would more pro-

perly arise.  But in the case before us, if no contract
had been made between the parties at all, the facts
shown by the evidence warrant the chancellor in ad-
judging her as alimony the amount secured by the
contract, and in securing the payment of the money
as the contract provides.  The contract does not put
her in any worse position than she would be if none
had been made.

But as we construe the contract, reading it in the
light of the situation of the parties, we do not see
that it falls within the principle relied on for the ap-
pellee.  The wife then had a divorce suit pending
against the husband.  The contract was made in set-
tlement of that suit, and when the contract provides
that in case she should thereafter leave him, or
should be unable to live with him for any good or
satisfactory cause, the parties had in mind such
causes as were grounds for alimony.  In other words
what they meant was that the contract should take
effect if the husband should repeat the offenses
which the wife was then condoning, and compel her
to leave him, or render it so that she should be unable
to live with him.  The parties did not contemplate
that the wife should be entitled to the allowance if
she left the husband for anything that was not a
ground of alimony.  The contract was made when
the parties were dealing at arm's length one with the
other, and there was a suit pending by her against
him for divorce and alimony.  It was made in set-
tlement of that suit.  The purpose of the contract
was to secure the wife in alimony if the husband was
again unfaithful, and to prevent his wasting his
estate or squandering it to defeat her claims.  If the
husband had then in settlement of that suit conveyed
the property to a trustee in trust for the wife, the

conveyance would have been upheld. The fact that the conveyance was made not absolutely, but to take effect in case he subsequently so treated his wife as to give her grounds for alimony, in no sense invalidates the contract; it being made when they were living apart. Such a contract does not tend to breed dissension between husband and wife, or to produce a separation between them. At the time the contract was made, the husband desired the wife to discontinue her pending action and return to his home. She was unwilling to waive the rights she had then acquired without some security. To induce her to waive them, he made the contract. It was based on an adequate consideration. It simply secured to her something in consideration of her foregoing the rights she then had. She released her dower in his estate. The law delights in the settlement of lawsuits. It favors the reconciliation of husband and wife. A contract for the re-establishment of a ruined home is one which equity is swift to approve. Whether the contract in question is contrary to public policy is not to be determined from one clause of it, but from the whole instrument. The contract as a whole does not tend to produce estrangement between husband and wife. They were already estranged. The contract brought them together, and, taken as a whole, it is in aid of the marital relation, and is therefore not opposed to public policy, but in accord with it.

Judgment reversed, and cause remanded, for a judgment in favor of the wife as herein indicated.

EXTENDED OPINION BY JUDGE O'REAR, February 28, 1906.

Appellant asks that the opinion be extended so as to allow her an attorney's fee under the statute. This

action is not strictly an action for divorce or alimony. It is to recover upon a contract, and was allowed upon that ground. While in the opinion it is likened in a sense to a proceeding for alimony, that illustration is used in answer to appellee's contention that the contract sued on was contrary to public policy, in that it favored a dissolution of a marriage. It was said by the court that the contract had not such tendency, because it only secured what appellant was then entitled to if she had prosecuted her suit for alimony; that it really tended to postpone a separation then imminent, and gave the parties another opportunity, and to appellee an additional inducement, to continue the marital relation. As attorney fees are not allowed by statute to be recovered in actions upon contracts, the opinion should not be extended on this point.

But the opinion is extended on the other question raised, which is that, as the contract put specific property in lien to secure its performance, the lien ought to be enforced.

Appellee's petition for rehearing is overruled.