## Hite v. Hite.

### (Decided February 15, 1911.)

### Appeal from Jefferson Circuit Court
### (Chancery Branch, First Division).

Husband and Wife—Action by Wife for Enforcement of Written Contract—Divorce—Attorney's Fee.—Where in an action to enforce a contract made with her husband and for a divorce, the wife, by the judgment got more by the enforcement of the contract than she would have secured by way of alimony, and the judgment for divorce being a mere incident to the judgment enforcing the con-

tract, which was the principal and controlling thing sought in the action, the fact that she was granted a divorce did have the effect of giving the case the character of an action for divorce and alimony so as to bring it within the terms of section 900, Kentucky Statutes, which provides that the husband in that character of action shall pay the costs.

HELM BRUCE, HELM & HELM and CARROLL & MIDDLETON for appellant.

JOHNSON & HIEATT for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was brought by the appellant for the enforcement of a written contract made by her with appellee, her then husband, which provided among other things, that "should it be necessary and proper for Mamie Hite, the said wife, to separate herself from and live apart from her husband, by reason of any such conduct as would justify her separation from him," he would pay her for the support of herself and children, the sum of $5,000 per year, give her any home in which they might be living, with its contents and appurtenances; and in case of his death during such separation, in addition to such portion of his estate as the law would entitle her to, one-third of the income derived by him under the will of his father.

The petition contained a statement of facts showing a necessity for placing appellee's estate in the hands of a receiver, the issual of injunctions against various persons, alleged to be holding his property, to restrain them from delivering it to him, and also grounds for a divorce a mensa et thora.

After much litigation a judgment was rendered in the court below requiring appellee, in performance of the contract referred to, to pay appellant $5,000 per annum, and granting the latter the divorce prayed for. The judgment also allowed appellant in addition to ordinary costs, $3,000 as an attorney's fee, but the judgment as to the attorney fee was later changed by the court to the allowance of a reasonable attorney's fee, the fixing of the amount thereof being reserved for proof. Shortly thereafter appellee entered a motion to set aside so much of the judgment as provided for the subsequent allowance to appellant of a reasonable attorney's fee.

Appellee prosecuted an appeal from so much of the judgment as enforced the contract, and upon consideration of the appeal this court affirmed the judgment. Hite v. Hite, 126 Ky., 529.

Upon the return of the case to the circuit court the matter of an allowance to appellant of an attorney's fee came on for hearing on her motion therefor, but the court by the judgment rendered refused to allow her the attorney fee, and sustained the motion of appellee, made the previous year, to set aside so much of the original judgment as allowed her a reasonable attorney fee and reserved the fixing of the amount thereof. Appellant complains of the judgment refusing her the attorney fee, and by this appeal seeks its reversal.

It is apparent from the written opinion of the judge of the circuit court that in refusing appellant an attorney fee, he proceeded upon the theory that by the enforcement in all its essential parts of the contract she made with appellee, appellant got more than she could have secured by way of alimony, and that the judgment for a divorce a mensa, was a mere incident to the judgment enforcing the contract which was the principal and controlling thing sought in the action; therefore, the fact that she was granted a divorce a mensa, in addition to the judgment enforcing the contract, did not have the effect of giving to the case the character of an action for divorce or alimony so as to bring it within the terms of section 900, Kentucky Statutes, which provides:

"In actions for alimony and divorce, the husband shall pay the costs of each party, unless it shall appear in the action that the wife is in fault and has ample estate to pay the same."

In this conclusion we concur. Manifestly, the statute confines the allowance of the wife's costs, which may include an attorney fee, to cases for alimony and divorce. An action to enforce a contract, brought by the wife against the husband, is not the character of case in which an attorney's fee is allowed by the statute, even when one of its objects is a divorce for the wife and the divorce is granted.

In the case at bar the property rights of the parties were fixed by contract to take effect in case of a separation and divorce. Their respective rights and liabilities under the contract are, therefore, to be measured and determined by its terms; and though it was made in con-

templation of a separation and of the probability of a suit by the wife for a divorce, it does not fix upon the husband liability for an attorney's fee in the event of such suit.

The existence of the facts that authorize an enforcement of the contract for appellant's benefit also entitle her to the divorce from bed and board. The divorce being asked in the same action, it resulted with the enforcement of the contract; and the services rendered by her attorneys in procuring the enforcement of the contract were equally efficient in procuring the divorce. It is impossible to segregate them, and the affidavits filed by appellant in support of her motion for the allowance of an attorney's fee do not show what part of the services rendered her by her attorneys were performed in obtaining the divorce, apart from what they did in obtaining for her the relief secured by the enforcement of the contract.

In the case of Woodruff v. Woodruff, 121 Ky., 784, we had under consideration substantially such a contract as is presented in this case. In that case, as in this, the husband and wife after a separation resumed their marital relations, following the execution of a contract between them, the purpose of which "was to secure the wife in alimony, if the husband was again unfaithful and to prevent his wasting his estate in squandering it to defeat her claim." The wife sought the enforcement of the contract, but did not ask a divorce; the answer of the husband resisted the enforcement of the contract on the ground that it was void because against public policy, and by way of counterclaim sought a divorce from the wife. The amount secured to the wife by the contract was only $50 per month in lieu of dower and for the support of herself and children. In the case at bar the amount secured to appellant was $5,000 per annum, and after his death, one-third of his income under the will of his father to which she could not have asserted any right under the law. In the Woodruff case we enforced the contract for the wife and refused the husband a divorce, and in response to the wife's claim to an attorney's fee against the husband, we, in an extension of the opinion, said:

"This action is not strictly an action for divorce or alimony. It is to recover upon a contract and was allowed upon that ground. * * * As attorney's fees

are not allowed by statute to be recovered in an action upon contract, the opinion should not be extended on this point."

It is manifest that the language of the opinion in the case, supra, restricts the allowance of attorney's fees exclusively to actions for divorce and alimony; and in the more recent case of Siddens v. Siddens, 31 R., 66, we recognized and applied the same principle, although the action was one by the wife for both divorce and enforcement of the contract.

The rule thus announced being conclusive of the case at bar, the judgment is affirmed.

JUDGE MILLER not sitting.