ANDREW TERKELSEN *vs.* MARTIN C. PETERSON & trustee.

Suffolk.    November 17, 18, 1913. — February 26, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Husband and Wife. Contract,* Validity.

A contract under seal between a husband and wife, who were living apart, and the wife's brother, the brother joining in effect as a trustee for the wife for the purpose of enforcing the contract, recited that the husband had been guilty of

improper conduct, and that it was the desire of the husband and wife "for the sake of their children to resume their home life . . . and to bring up their children in a proper manner;" and the contract provided for a resumption of marital relations, for good conduct in the future on the part of the husband and the wife, for friendly offices to them on the part of the brother, for the payment by the husband to the wife of at least $9 each week, that, if the husband failed in the performance of the contract, the wife might leave him, taking the children with her, and that in that case the husband would "be liable for her comfortable maintenance and support." After the contract was made, the husband and wife resumed marital relations and continued living together for more than two years, when, because of further misconduct by the husband, consisting of intoxication and cruel and abusive treatment, the wife with the children left him, and six months later the brother on behalf of the wife brought an action upon the contract. *Held,* that the contract was valid and enforceable to the extent of money expended for the wife's comfortable maintenance and support.

CONTRACT by Andrew Terkelsen, "suing on behalf and for the benefit of Adeline T. Peterson," against Martin C. Peterson, the husband of Adeline, to enforce the provisions of the contract described in the opinion. Writ in the Municipal Court of the City of Boston dated February 10, 1913.

The declaration contained three counts. The first count set forth a claim for arrears in the weekly payments of $9 called for by the contract. The second count set forth a claim under the contract for $163 alleged to have been advanced by Adeline for comfortable maintenance and support; and the third count was upon an account annexed for a balance due of "payments as per contract from July 8, 1912, to February 10, 1913, . . . at $9 per week."

The case was heard in the Municipal Court by *Ely,* J. The material facts are stated in the opinion. The defendant made seven requests for rulings, the first three being, respectively, that the plaintiff could not recover on the first, second or third, counts of the declaration. The other rulings asked for were as follows:

"4. The agreement so far as it attempts to provide for a future separation between the defendant and his wife is void.

"5. The agreement . . . does not set forth any legal consideration to support any promise on the part of the defendant.

"6. There can be no recovery in this action for any expense incurred or money paid out for the support of the defendant's wife.

"7. The plaintiff, if entitled to recover at all, cannot recover more than nominal damages."

The judge ruled that the plaintiff could not recover on the first count of the declaration, refused all of the other rulings asked for, found for the plaintiff in the sum of $163 and reported the case to the Appellate Division. The Appellate Division ordered the report dismissed; and the defendant appealed.

*J. L. Keogh,* (*D. M. Herlihy* with him,) for the defendant.

*P. Nichols,* (*W. J. Kurth* with him,) for the plaintiff.

RUGG, C. J.   A husband and wife and the brother of the wife, who joined in effect as trustee for her for the purpose of enforcing the arrangements made, severally entered into an agreement under seal, whereby, after reciting in substance that the husband and wife had separated and were residing apart, that the husband had indulged in intoxicating liquors to excess, and had used profane and improper language in the family, and that it was the desire of the husband and wife "for the sake of their children to resume their home life . . . and to bring up their children in a proper manner," it was covenanted among other matters that the husband should pay to the wife regularly once each week, at least $9. There were divers other stipulations, including a resumption of marital relations, good conduct in the future on the part of each and friendly offices to both on the part of the brother of the wife. The family relations were resumed after the contract was made in May, 1910, and continued until July 8, 1912, when the wife with her three children left the husband because of his intoxication and cruel and abusive treatment. This action is brought to recover for comfortable support and maintenance since July 8, which is alleged to be $9 per week, less some payments made by the husband. There was evidence to the effect that the actual cost of living of the wife during this period was about $9 per week.

Agreements between a third person acting for either a husband or a wife and the husband or wife, made while the spouses actually are living apart or in instant contemplation of a separation which takes place immediately, and for the purpose of securing definite and fixed support for the wife from a trust fund, or gross payment for her benefit, or a bond conditioned for her support, or a division of property between them, have been held valid and enforced

provided they were fairly made. *Page* v. *Trufant*, 2 Mass. 159. *Hollenbeck* v. *Pixley*, 3 Gray, 521. *Holbrook* , v. *Comstock*, 16 Gray, 109. *Fox* v. *Davis*, 113 Mass. 255. *Alley* v. *Winn*, 134 Mass. 77. *Winn* v. *Sanford*, 148 Mass. 39. *Grime* v. *Borden*, 166 Mass. 198. *Polson* v. *Stewart*, 167 Mass. 211. *Bailey* v. *Dillon*, 186 Mass. 244. It was held by a divided court in *Merrill* v. *Peaslee*, 146 Mass. 460, that a promise by a wife, then actually living apart from her husband for justifiable cause, to live with the husband as wife during their joint lives was not a legal consideration of a note for $5,000 given to a trustee for the wife to be paid at the husband's death provided the contract had been performed by the wife. But as shown in *Polson* v. *Stewart*, 167 Mass. 211, 216, that decision is carefully limited and is not to be extended.

The main purpose of the contract in the case at bar was to keep the family together chiefly for the proper nurture of the children. This was a duty resting upon both parents, although the particular contribution of each to that end as implied by law would be different. The performance of this mutual duty required the regular contribution of sufficient money to carry on the household. Any fair and lawful composition of differences for the purpose of establishing the family upon its natural basis was most laudable. One obligation of the husband was to support the family. There is no inherent illegality in an arrangement with the mother by the father to support a family of children, even though such an agreement may contemplate the reuniting of a separated family. Such an agreement would not be a payment by him in the nature of hire to secure the return of the wife to the marital relation. It would be simply a means of assuring to the wife sufficient out of the earnings of the husband to enable her to meet the ordinary family expenses. Such an agreement would not be within the rule of *Merrill* v. *Peaslee*, 146 Mass. 460. Reading this agreement in the light of the circumstances of the family, its purpose appears to have been, so far as concerned its financial aspects, to secure to the wife out of the weekly wages of a husband liable to yield to the temptation of drink enough to provide for the absolute necessities of life for herself and children. But this arrangement was made in contemplation of the re-establishment of the family.

The situation now presented is not the family reunited, but the family separated again. The agreement contemplated this possibility, and expressly provided for it in these words:

"It is further agreed and understood that if the said Martin C. Peterson does not keep and perform the stipulations herein contained, then his wife, the said Adeline, shall be free to leave his home taking with her her three children, and the said Martin hereby covenants and agrees with the said Adeline T. Peterson and Andrew Terkelsen that in that case he will be liable for her comfortable maintenance and support."

It is apparent in view of this stipulation that the parties did not contemplate that the payment of $9 a week was to be sufficient for the condition now confronting the parties. It well might not be a fair arrangement for a husband earning $24 per week to contribute only $9 per week for the support of a wife and three children living apart from him by reason of his wrong. But that is not what the agreement says. It is not its meaning by fair intendment. The trial judge below rightly ruled that the plaintiff could not recover under the first count of the declaration, which was to recover according to the express provision of the agreement in clause 3, at the rate of $9 per week since the separation. The second and third counts are framed under that paragraph of the agreement just quoted which relates to "comfortable maintenance and support" to be provided by the husband in case of another separation due to his wrong. This agreement was not made for the support of the family solely in contemplation of reconciliation. It goes further and attempts to cover a recurrence on the part of the husband to those habits which caused the original separation, and which might have been regarded as likely to happen again. The agreement was made when the husband and wife were separated and therefore under circumstances when an agreement for the future support of the wife might be made lawfully. If it had provided for a continuance of this condition, plainly it would have been valid. It looked primarily toward a reconciliation and gave some assurance for payments to the wife to enable her to meet household necessities. But it further undertook to do more and to provide for the support of the family in case that again, through the fault of the husband, he should be separated from them. An agreement made in contemplation of

a future separation by parties living together is void as being against public policy. *Fox* v. *Davis*, 113 Mass. 255, 258. Such is the great weight of authority. See cases collected in 9 Cyc. 522. But this agreement is not within that principle. It was made at a time when there was a separation. Its purpose was' to re-establish the family and provide for its support and the support of the wife. It was legal as to the time when made. Its consideration was not the performance by either the husband or the wife of the marital duties. The consideration is said to be the present payment of money Moreover, the agreement is under seal, which imports consideration. There is no need for the inference that the several promises of the parties are interdependent. An agreement made under these circumstances is not invalid merely because it provides for support for the wife and family in the possible recurrence of conditions existing at the time it is made, but which may never happen if a support under other and more normal conditions also provided for, fails to continue. This is not an agreement to separate. It merely relates to adequate provision for support under future conditions similar to those of the past, when it had been wanting. It does not contemplate a separation through caprice or dislike or simple incompatibility. It is an agreement made in the face of an actual separation. So far as it provides for support after a separation, it is based on grounds which so far as they have occurred are intoxication and cruel and abusive treatment, which is' recognized as a cause of divorce. Because other grounds are recognized by the agreement for a leaving by the wife of the husband, that is no reason why a sound and legal one upon which she acted should be held inseparable from others not sufficient to warrant such leaving. *Grime* v. *Borden*, 166 Mass. 198. *Woodruff* v. *Woodruff*, 121 Ky. 784. *Buttlar* v. *Buttlar*, 12 Dick. 645.

*Order dismissing report affirmed.*