MARION B. HOLT *vs.* HORACE S. HOLT.

Hampden.    September 23, 1926. — October 14, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Husband and Wife,* Separate maintenance. *Contract,* Construction, Validity.

A petition by a wife under G. L. c. 209, § 32, for separate maintenance cannot be maintained although she is living apart from her husband for justifiable cause if, after the husband had deserted his wife, he, as party of the first part, a third person as party of the second part, and the wife as party of the third part, made an agreement in writing for the purpose, as stated therein, of settling the rights of the husband and the wife, and that instrument set forth certain amounts which the husband agreed to pay to the wife at certain periods, which amounts the husband had paid and was continuing to pay, and it appeared that the third person named as party of the second part joined in the instrument in effect, though not so stated in words, as trustee to make the instrument valid.

PETITION, filed in the Probate Court for the county of Hampden on May 12, 1926, by a wife against her husband for separate maintenance of herself and of her minor children.

The petition was heard by *Long,* J., by whose order a final decree was entered dismissing the petition. The petitioner appealed.

*G. D. Cummings & G. F. Leary,* for the petitioner, submitted a brief.

*F. L. Norton,* for the respondent.

CARROLL, J. This is a petition for separate support, brought in the Probate Court for Hampden County. It was found that the petitioner and respondent were married in 1906 and have two children; that the respondent deserted the petitioner in October, 1923; that the desertion still continues; that the respondent brought a libel for divorce against the petitioner. See *Holt* v. *Holt, ante,* 114.

On November 1, 1923, an agreement in writing was made between the respondent, party of the first part, Paul M. Lewis party of the second part, and the petitioner, party of

the third part, setting forth that, whereas the husband had brought the libel for divorce against the wife, the petitioner and respondent were desirous of settling their rights to certain personal property, the question of alimony, and the question of the custody and support of their two minor children, Charlotte and Lawrence C. Holt; the agreement then provided that the personal property was to belong to Mrs. Holt; that the respondent was to pay the wife for the "support of Charlotte Holt and alimony for said party of the third part One Hundred Thirty Dollars ($130) on the first of each month beginning January 1, 1924, to and including July 1, 1924"; thereafter, $88.67 each month until Charlotte becomes twenty-one years of age or marries, or "said party of the third part remarries; . . . after the party of the third part remarries, fifty-two dollars ($52.00)" each month until Charlotte becomes twenty-one years of age or marries, or dies under said age, when the payments shall cease; but "if Charlotte shall become 21 years of age and the party of the third part shall not then have remarried, thereafter to pay her forty-five dollars ($45.00) on the first of each month until further order of the court." By the fifth paragraph of the agreement the party of the second part acknowledged the receipt of $280 for the support of Mrs. Holt and Charlotte to November 6, 1923; the receipt of $50 for legal services; and agreed that "he will see that One Hundred Thirty Dollars ($130) of the amount received is used to pay an outstanding coal bill." The respondent also agreed to pay the party of the second part $50 December 1, 1923, and $20 January 1, 1924. By the sixth paragraph the respondent agreed to pay $102.90 to Mrs. Holt for her support and the support of Charlotte, December 1, 1923.

The judge found that the three parties, in executing the instrument, intended to accomplish the results contemplated by it, Lewis joining the others, in effect, though not stated in words, as trustee, to make the agreement valid; that all that was done relating to the instrument in writing was free from fraud; that the arrangement was reasonable, and that all payments were made to June 1, 1926. A decree was entered in the Probate Court that the petitioner was living

apart from her husband for justifiable cause; that owing to the agreement in writing between the petitioner, the respondent and Lewis, she was not entitled to recover on the petition. The decree dismissed the petition.

The agreement was enforceable, and on the facts found was a bar to this proceeding. Lewis was not mentioned as trustee, but he was one of the parties to the agreement and was, in effect, a trustee. The agreement in the fourth paragraph purports to be an agreement on the part of the husband to pay the wife, but it is not in terms stated to be an agreement with the wife. It is, in effect, an agreement with Lewis as trustee for the benefit of the wife, and enforceable by him. *Bailey* v. *Dillon,* 186 Mass. 244. *Terkelsen* v. *Peterson,* 216 Mass. 531. *Kerr* v. *Kerr,* 236 Mass. 353. In *Terkelsen* v. *Peterson,* the plaintiff was not named as trustee, but joined in the agreement in effect as trustee for the wife, for the purpose of enforcing the arrangement made. That case governs the case at bar. The respondent had deserted the petitioner when the agreement was made. *Bailey* v. *Dillon, supra. Terkelsen* v. *Peterson, supra.* The petition was dismissed properly.

*Decree affirmed.*