HAYWARD WILSON *vs.* DOROTHEA K. CASWELL.

Suffolk. March 5, 1930. — July 3, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Marriage and Divorce,* Alimony. *Probate Court,* Jurisdiction, Decree, Appeal. *Husband and Wife.*

Upon a petition by a husband under G. L. c. 208, § 37, for modification of a decree, entered in divorce proceedings in accordance with an agreement between the husband and wife and trustees, the judge of probate entered a decree, "It appearing that the agreement set forth in the answer, which was pleaded in bar to this petition, was openly arrived at and fairly made in all respects and met the approval of the court — It is decreed that said petition be and hereby is denied and dismissed." *Held,* that the record indicated that nothing other than the effect of the agreement as a legal bar to the petition was considered by the Probate Court.

Husband and wife cannot by a valid and binding and fair and reasonable contract with trustees, in accordance with which a decree as to alimony is entered, deprive the Probate Court of jurisdiction under G. L. c. 208, § 37, to modify such a decree for alimony or of power to consider their relation in connection with their contract and all other facts material to the issues properly before it in providing for the maintenance of wife or minor children, although the exercise of its jurisdiction may change in some respects their situation as contemplated by the contract.

PETITION, filed in the Probate Court for the county of Suffolk on September 10, 1929, under G. L. c. 208, § 37, and described in the opinion.

A decree, entered by order of *Prest,* J., is stated in the opinion. The petitioner appealed.

*M. Collingwood,* for the petitioner.

*F. W. Knowlton,* (*B. Potter* with him,) for the respondent.

WAIT, J. The facts disclosed by the record before us and material to the determination of this cause are as follows. By a decree of the Probate Court of Suffolk County dated May 14, 1924, Hayward Wilson was ordered to make certain payments for the support of his wife, Dorothea K. Wilson, then living apart from him, and of

their minor children. Later, the wife filed a libel seeking divorce from him; and, still later, under date of January 30, 1925, with one Collingwood as trustee for the husband and one Hall as trustee for the wife, an agreement under seal was executed by the four "to determine what amount should be decreed by the court to be paid by the said Hayward Wilson to the said Dorothea K. Wilson as alimony upon a decree of divorce, if one shall be granted, and to secure the payment of such amount, and to make permanent disposition of certain property of the parties." This agreement assigned to the wife, as of March 1, 1925, the husband's interest in a trust fund created for his benefit by the will of his mother, for her life and, on her death, one half to their son Franklin until he became twenty-one years of age and one half to their son Roger until he became twenty-six years of age, and Wilson agreed if the income fell below $5,000 in any year to pay to her a sum sufficient to make the income $5,000, and Mrs. Wilson agreed if she should receive as income from the fund in any year more than $5,000 to pay the excess to him in the January following such calendar year. He released all interest in certain real property standing in her name, and agreed to the cancellation of a certain contract of February 19, 1923, and to make no claim in a trust therein referred to. Mrs. Wilson cancelled all claim to payments due or to become due under the decree for separate support of herself and minor children, and agreed to make payment of $1,500 to him or his attorneys on March 1, 1925. Other provisions for the benefit of the one or the other were also agreed upon. This agreement was entered into freely by all parties, was free from fraud, and was fair and reasonable. On February 27, 1925, a decree *nisi* for divorce was entered by the court, and an order was embodied in it that the libellant should have custody of the minor children and that libellant and libellee should make certain assignments, releases, payments and agreements (in substance the things agreed to be done in the agreement which has been described), and that no further payments should be required of the libellee under the

decree of May 14, 1924. On March 2, 1925, the assignment of interest in the trust established by his mother's will was executed by Wilson. On September 10, 1929, Wilson petitioned the court for modification of the decree alleging that Dorothea Knight Wilson had on August 31, 1929, become the wife of one Caswell who was able to support her aside from her personal income, that she has a substantial income from her own resources aside from the alimony received under the decree and assignment, that the son Franklin had reached twenty-one years of age and the son Roger is nineteen years of age, that his own income for the past five years has not exceeded $7,500 per year and he is unable adequately to support himself and family out of his current income. He prayed that the terms of the decree be modified or revoked, that the security given said Dorothea to secure payment of the alimony be reassigned to him, and for further relief. The respondent was allowed to file an answer setting up as a defence to the petition the facts which have been recited with regard to the agreement and the former decree. The decree sets out: "It appearing that the agreement set forth in the answer, which was pleaded in bar to this petition, was openly arrived at and fairly made in all respects and met the approval of the court — It is decreed that said petition be and hereby is denied and dismissed." The petitioner appeals.

The record indicates that nothing other than the effect of the agreement as a legal bar to a petition for modification of the decree of February 27, 1925, was considered by the court. The denial of the prayer of the petition is not to be taken as a determination made after considering the changes in the situations of the parties which are alleged to have taken place since the earlier decree was entered, and thereupon deciding that, in the judicial discretion of the judge of probate, no modification ought now to be decreed; but is to be taken as a decision that, because of the executed agreement, the judge was in law without power to modify the earlier decree. The prayers of the petition are too broad and the words of the decree too plain to enable us to say

that the decree merely refuses to require a reassignment of the interest in the trust fund.

*Bailey* v. *Dillon,* 186 Mass. 244, was a case where a husband, whose wife had left him and was threatening proceedings for a separate maintenance, entered into an agreement with her through a trustee providing for her support, which contained a promise by her not to claim further support. She brought a petition for separate support in the Probate Court. Thereupon the trustee filed a bill in equity to restrain its prosecution. This court held that the bill was demurrable; but solely on the ground that the husband had an equitable defence which could be availed of in the Probate Court, and so did not need equitable assistance by injunction. This court declared such an agreement valid, and enforceable by bill in equity; and stated (page 248): "And if the agreement was understandingly entered into by her, and is free from fraud and coercion, and is fair and reasonable, and the parties are still living separate and apart, we do not see why it should not operate as a bar to the proceedings instituted by her in the Probate Court." The case has been cited frequently. Apparently the judge relied upon it as authority in making the decree. In *Holt* v. *Holt,* 257 Mass. 232, an agreement similar to the one here in question was held to be sufficient ground for the denial of a petition for a separate maintenance. The opinion stated (page 234): "The agreement was enforceable, and on the facts found was a bar to this proceeding"; and, further, that the case was governed by *Terkelsen* v. *Peterson,* 216 Mass. 531. The opinion in the latter case, an action at law, discussed the validity of contracts between husband and wife with a trustee or trustees (pages 533, 534) upholding their validity if "made while the spouses actually are living apart or in instant contemplation of a separation which takes place immediately, and for the purpose of securing definite and fixed support for the wife from a trust fund, or gross payment for her benefit, or a bond conditioned for her support, or a division of property between them"; but it did not deal with their effect to limit the power of a probate court to modify its decrees for alimony or separate mainte-

nance. In *Kerr* v. *Kerr*, 236 Mass. 353, in view of the interpretation given the agreement, the question here presented was not discussed at length although it was intimated that the agreement if valid with reference to divorce proceedings would not limit the power of the court. In *Oakes* v. *Oakes*, 266 Mass. 150, *Southworth* v. *Treadwell*, 168 Mass. 511, and *Brown* v. *Brown*, 222 Mass. 415, the agreements involved were invalid, and the question here presented was, consequently, not before the court. Here we have a valid agreement, *Fox* v. *Davis*, 113 Mass. 255, *Grime* v. *Borden*, 166 Mass. 198, *Bailey* v. *Dillon*, *supra*, *Terkelson* v. *Peterson*, *supra*, *Kerr* v. *Kerr*, *supra*, *Holt* v. *Holt*, *supra*, *Aitchison* v. *Chamberlain*, 243 Mass. 16, acted upon, approved by the court, involving rights of a minor child. Nevertheless, we think it does not take away the power of the court to act, or to modify its former decree. No one of the cases referred to has decided that the agreement precluded action by the court. This court has decided that, when taken with the other facts of present condition, such an agreement well may be a conclusive reason for a judge to decide, in the exercise of his powers, to refuse to act or to modify a decree. It has not decided that as matter of law the agreement prevents action by him and precludes consideration of facts which, but for its existence, would justify a decree imposing different obligations. G. L. c. 208, § 37, provides: "After a decree for alimony or an annual allowance for the wife or children, the court may, from time to time, upon the petition of either party, revise and alter its decree relative to the amount of such alimony or annual allowance and the payment thereof, and may make any decree relative thereto which it might have made in the original suit." The power to revise and alter has been in the courts since 1786. In *Allen* v. *Allen*, 100 Mass. 373, it was decided that no action of contract could be maintained in the Superior Court on a decree for alimony, because it was always subject to revision in the court which made it. See *Knapp* v. *Knapp*, 134 Mass. 353. The contention that revision was limited to the period pending the full performance of the original decree was definitely repudiated in *Smith* v.

*Smith,* 190 Mass. 573, 575.  *Perkins* v. *Perkins,* 225 Mass. 392.  *Malcolm* v. *Malcolm,* 257 Mass. 225, 228.  *Chadbourne* v. *Chadbourne,* 245 Mass. 383.  The parties, by this agreement, cannot deprive the court of this power. *Nashua River Paper Co.* v. *Hammermill Paper Co.* 223 Mass. 8, and cases there cited.  Husband and wife cannot by contract deprive the Probate Court of jurisdiction to modify a decree of alimony; or of power to consider their relation in connection with their contract and all other facts material to the issues properly before it in providing for the maintenance of wife or minor children, although the exercise of its jurisdiction may change in some respects their situation as contemplated by the contract.  It follows that the contract here in question was not a bar to action by the court; and that the petitioner was entitled to be heard upon all the issues presented by his petition.  Whether a different decree will result from such a hearing is immaterial.  There was error in the present decree.

*Decree reversed.*