ARTHUR M. BEALE, trustee, *vs.* HAROLD C. AVERY & another.

Suffolk.    October 6, 1931. — December 2, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Contract*, Separation agreement, Termination.    *Husband and Wife. Fraud.*

A separation agreement, duly entered into by a husband and his wife through trustees, was not abrogated where a subsequent reconciliation of the husband and wife and resumption of marital relations by them were induced by promises of reform on the part of the husband which, when he made them, he did not intend to keep, and, upon the husband's thereafter breaking such promises, the wife again separated from him for justifiable cause.

BILL IN EQUITY, filed in the Superior Court on September 3, 1930, described in the opinion.

The suit was referred to a master, material facts found by whom are stated in the opinion. By order of *Cox*, J., an interlocutory decree was entered confirming the master's report. By order of *Qua*, J., a final decree was entered adjudging that the separation agreement was in full force and ordering the defendant Avery to perform it. The defendants appealed.

*R. D. Greene*, for the defendants.

*A. M. Beale*, for the plaintiff.

CARROLL, J. This suit in equity is brought for the enforcement of an agreement of separation, made in September, 1929, by Harold C. Avery, the husband, and his wife, Mary G. Avery, and their respective trustees, Russell D. Greene and Arthur M. Beale. The case was referred to a master and a decree was entered for the plaintiff. The defendants appealed.

The master found that Mrs. Avery brought a petition for separate maintenance, alleging the adultery of her husband; that in order to prevent a hearing on this petition, the sepa-

ration agreement was entered into. It is stated in the master's report that in March, 1930, Avery sought a reconciliation with his wife and promised if she would return from Cleveland, where she was living, and continue to live with him, he would reform and would have nothing more to do with other women; that relying on the promises, Mrs. Avery returned to her husband on April 20, 1930. It was found that Avery did not intend to carry out the representations and promises to reform; that the promises and representations were made by him to induce his wife to resume marital relations with him; that he was in communication with another woman while expecting his wife's return. It was further found that Mrs. Avery left her husband in July, 1930, because she had proof that he never intended to cease the relations with the other woman; that he was cruel and abusive to his wife while she lived with him, upon her return from Cleveland. The report sets out various acts of Avery and his associations with the woman in question, which need not be repeated here in detail.

The promises made by the husband to the wife to bring about the reconciliation and cause her to live with him were not made in good faith. He did not intend to keep them. A fraud on the wife was committed. *Ciarlo* v. *Ciarlo*, 244 Mass. 453, 455, 456. The fact that a reconciliation was brought about and marital relations were restored did not annul the agreement of separation. The reconciliation resulted from fraudulent representations which the husband did not intend to live up to when he made them. He failed to do as he promised. The wife relied on the promises of the husband and he intended that she would believe them to be true. A fraud of this kind prevents the abrogation of the agreement. It is unnecessary to review the cases cited by the defendants. Assuming that ordinarily the resumption of marital relations renders the separation agreement of husband and wife of no effect, this is not so when fraud such as is here shown has brought about the reconciliation. The decree declaring the agreement of Sep-

tember, 1929, to be in full force and effect and ordering its specific enforcement was right. See *McIlroy* v. *McIlroy*, 208 Mass. 458; *Terkelsen* v. *Peterson*, 216 Mass. 531.

*Decree affirmed with costs.*