ELIZABETH O'HARA *vs.* JOHN J. DONOVAN & another.

Middlesex.    May 4, 1939. — June 28, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Will,* Waiver. *Contract,* Separation agreement. *Husband and Wife.*

A husband, in the absence of a decree under G. L. (Ter. Ed.) c. 209, § 35, had a right under § 15 to waive the provisions of his wife's will although, in a separation agreement made for consideration with a trustee and the wife, he had agreed to deliver to the trustee a power of attorney running to her "to release his right by curtesy . . . and all other interests" in certain land and had delivered the power, and the wife by her will had devised the land and her other property to another.

PETITION, filed in the Probate Court for the county of Middlesex on November 2, 1938.

A demurrer to the petition was sustained and the petition dismissed after hearing by *Leggat, J.*

*M. Caro,* for the petitioner.

No argument nor brief for the respondents.

DOLAN, J.    This is a petition in equity by the sole legatee and devisee under the will of Catherine H. Donovan, late of Lexington, deceased, in which the petitioner seeks to have declared null and void a waiver of said will filed by the respondent husband of the deceased, in which he claimed "such portions of the estate of the deceased as he would have taken if . . . [she] had died intestate." (See *Porter* v. *Spring,* 250 Mass. 83; *Dolbeare* v. *Bowser,* 254 Mass. 57;

G. L. [Ter. Ed.] c. 215, § 6.) The respondents' demurrer was sustained and the case comes before us upon the appeal of the petitioner from the final decree dismissing the petition.

The allegations of the petition may be summarized as follows: On September 23, 1929, the deceased and her husband entered into an agreement with one Evarts, as trustee, whereunder the husband covenanted and agreed with the said trustee to deliver to him a power of attorney "running to" the deceased "to release his right by curtesy in and to a certain lot of land" and the buildings thereon situated in Lexington, and to pay to the trustee the sum of $2,055.10, and whereunder the trustee covenanted with the husband and the deceased to deliver said power of attorney and turn over said money forthwith to the deceased. The deceased in turn covenanted with the trustee that she would not "in any event make any further claim . . . for support or maintenance." On the same day the husband executed a power of attorney to the deceased constituting her his "true and lawful attorney" for him and in his stead to "release in connection with and in and on a deed, mortgage, and instrument of conveyance of the premises . . . [before referred to] which may at any time hereafter be given, made, or executed by my said wife, Catherine H. Donovan, all my rights of curtesy and homestead and all other interests [therein] . . ." The power of attorney was under seal and was expressed to be given for consideration and to be coupled with an interest on the part of the deceased "in the subject matter of the power . . . [thereby] conferred on her" and to be irrevocable by her husband. It further conferred upon her as said attorney full power and authority in the husband's name and behalf "to sign, seal, acknowledge, and deliver any and all deeds or other instruments in writing relating to the premises" which she might "deem necessary or proper . . . as fully and effectually as . . . [he] might do if personally present."

The deceased died and, under her will which has been duly proved and allowed, she provided that all the real and personal property of which she died seized and pos-

sessed should go to her sister, Elizabeth F. O'Hara. The will contains the following statement: "I expressly omit my husband from the provisions of this my last will because of our separation since September 23, 1929 under a written agreement." The will was executed on October 4, 1932. It is alleged in the petition that the waiver of the will, before referred to, was filed in the Probate Court on July 28, 1937.

The demurrer sets forth as grounds that the petition "does not state facts sufficient to constitute a cause of action: 1. Because the right to waive a will by a surviving husband is a statutory and an absolute right. (G. L. Chap. 191, Sec. 13) 2. The only exception to the above is provided in G. L. Chap. 209, Sec. 35. 'If a court having jurisdiction has entered a decree that a married woman has been deserted by her husband or is living apart from him for justifiable cause . . . the surviving husband shall not be entitled under Section 15 of Chapter 191 to waive the provisions of a will made by her or to claim such portion of her estate as he would take if she died intestate, nor shall he be entitled upon her death, if she leaves a will, to his tenancy by curtesy in her estate as provided in Section 1 of Chapter 189.'" We assume that the reference to § 13, c. 191, is a typographical error and that reference is intended to § 15 of that chapter.

It is settled that agreements "between a third person acting for either a husband or a wife and the husband or wife, made while the spouses actually are living apart or in instant contemplation of a separation which takes place immediately, and for the purpose of securing definite and fixed support for the wife from a trust fund, or gross payment for her benefit, or a bond conditioned for her support, or a division of property between them," are valid and will be enforced in equity if fair and reasonable and free from fraud or coercion. *Terkelsen* v. *Peterson*, 216 Mass. 531. *Aitchison* v. *Chamberlain*, 243 Mass. 16. See also *Bailey* v. *Dillon*, 186 Mass. 244, 246, 247, and cases cited; *Kerr* v. *Kerr*, 236 Mass. 353; *Holt* v. *Holt*, 257 Mass. 232; *Wilson* v.. *Caswell*, 272 Mass. 297; *Bradford* v. *Bradford*, 296

Mass. 187; *Welch* v. *Chapman,* 296 Mass. 487. It is competent in such agreement to provide as to the rights which one spouse shall enjoy in the estate of the other in the event of the death of either. *Aitchison* v. *Chamberlain,* 243 Mass. 16. *Southard* v. *Southard,* 262 Mass. 278, 280. *French* v. *McAnarney,* 290 Mass. 544, 547.

The petitioner has relied principally upon the *Terkelsen* and *Aitchison* cases, just cited, and upon the case of *Eaton* v. *Eaton,* 233 Mass. 351. In the first of these cases, as in the instant case, it does not appear that the agreement contained any provision whereby the husband relinquished any rights to share in the distribution of the estate of his wife in case of her death. In the *Aitchison* case express provision of such a character was made; and in the *Eaton* case, which was an ante-nuptial contract, there were no provisions except those defining the rights of the intended wife in the estate of the intended husband in the event that they married and she survived him.

Obviously, such agreements, when valid and properly enforceable, must be enforced in accordance with their terms. In the case at bar the post-nuptial agreement merely provided for the payment of a gross sum for the support of the deceased and for the execution of the power of attorney thereunder. The deceased was simply authorized in the name and stead of her husband to release, in connection with any conveyance she might make of the lands, his right of curtesy and all other rights he had therein. There is no allegation in the petition that any court of competent jurisdiction entered a decree in the lifetime of the deceased that she had been deserted by her husband or was living apart from him for justifiable cause. See G. L. (Ter. Ed.) c. 209, § 35; *Mackernan* v. *Fox,* 220 Mass. 197. We think the agreement cannot be so construed as to bar him from waiving the provisions of her will and claiming his statutory rights under the provisions of G. L. (Ter. Ed.) c. 191, § 15.

The final decree dismissing the petition is

*Affirmed.*