### Northern District
### No. 5798
**DOROTHY M. TICKNOR**
v.
**JOHN M. TICKNOR**

December 26, 1963

*Present*: Brooks, P. J., Connolly & Parker, JJ.

Case tried to *Farley*, J. in the District Court of Natick. No. R-95.

*Connolly, J.* This is an action of contract to recover $1890.00 under a Separation Agreement dated September 10, 1959 in which the defendant agreed to pay the plaintiff the sum of $30.00 a week beginning September 10, 1959. Weekly payments were made through March 22, 1961. No payments have been made since. The answer is a general denial.

*At the trial, the parties agreed to the following facts:*

1.  After having separated, the plaintiff, then the wife of the defendant, and the defendant entered into a Separation Agreement in Rochester, New York on September 10, 1959.

2.  Under the provisions of paragraph 6 of the Separation Agreement, the defendant agreed to pay the plaintiff the sum of $30.00 per week, the first payment to be made September 10, 1959 and weekly thereafter.

3.  The Separation Agreement further provided in paragraph 6 that "the weekly support provisions of this agreement shall survive any divorce decree which either party may obtain hereafter."

4.  The defendant complied with the terms of the Separation Agreement and paid the weekly sums to the plaintiff as provided therein until March 22, 1961.

5.  On March 23, 1961 the defendant obtained a decree of divorce from the plaintiff in the Superior Court of Cook County, State of Illinois.

6.  The plaintiff did not enter an appearance in the Illinois divorce proceedings.

7.  The defendant has failed to make any weekly payments to the plaintiff under the Separation Agreement since the granting of the divorce.

8.  The plaintiff has made demand on the defendant to comply with the terms of the

Separation Agreement but the defendant has failed to do so.

The plaintiff duly made certain requests for rulings.

In passing on these requests, the trial judge ruled that the provision,

> "that the agreement should survive any divorce decree which either party may obtain hereafter, is invalid as an attempt to oust the court of jurisdiction and hence invalidates the separation agreement",

and found for the defendant.

■ The case, having been submitted on an agreed statement of facts, was a case stated upon which it was the duty of the trial judge to order the correct judgment, and the requests for rulings had no standing. *Simmons v. Cambridge Savings Bank,* 346 Mass. 327, 955; *Redden v. Ramsey,* 309 Mass. 225, 227. And the only question before the Appellate Division is whether the decision of the trial judge in finding for the defendant was right on the facts stated and the proper inferences therefrom. G. L. c. 231, §126.

The defendant, in his brief, concedes "that a duly executed separation agreement where the husband and wife are living apart or about to separate is valid and enforceable" . . . "and such a contract made in New York between residents of that State is recognized in Massachusetts even though made directly between husband and wife."

The defendant does contend that the trial

judge was correct in his ruling and finding.

The validity of this type of agreement is well established and such an agreement does not take away the power of the court to act. *Wilson v. Caswell,* 272 Mass. 297, 301; *Schillander v. Schillander,* 307 Mass. 96; *Whitney v. Whitney,* 316 Mass. 367.

The *Wilson v. Caswell* case cited above and stressed by the defendant in his brief on the facts is not analogous to the present case. The *Wilson* case involved an agreement "to determine what amount should be decreed by the court to be paid . . . . . . as alimony upon a decree of divorce." *Wilson v. Caswell,* 272 Mass. 297, 298.

Here, there was no attempt by the parties to the agreement to incorporate any of its features in a judicial decree.

The issue in the *Wilson* case was whether the court could modify a decree based on the agreement. In the present case, the issue is whether the agreement ousts the court of jurisdiction and is, therefore, invalid.

Although the facts in the *Wilson* case would appear to provide more support for the theory of the defendant then do those in the present case, our Supreme Court said at page 301 of that case, "Here we have a valid agreement . . . . . . we think it does not take away the power of the court to act or to modify its former decree."

Finally, although the defendant has not argued the point, this Division has con-

sidered the relation of this type of agreement to Public Policy. It has been determined in this respect that an agreement made in contemplation of a future separation would be against Public Policy and, therefore, invalid. However, where, as is the present case, the agreement is made after the separation has occurred, the agreement does not offend against Public Policy and in that respect is valid. *Terkelson v. Petersen,* 216 Mass. 531 at 535, 536.

On the agreed facts, we are of the opinion that as a matter of law, a finding for the plaintiff was required and that the trial judge was in prejudicial error in finding for the defendant.

The finding for the defendant is to be vacated and a finding for the plaintiff in the amount of $1890.00 with interest from the date of the writ is to be entered.

Kenneth A. Korb, of Boston, for the Plaintiff.

Anthony DiCicco, Jr., of Framingham, for the Defendant.