JAMES S. ALLEN, JR., *vs.* CHICAGO PNEUMATIC TOOL
COMPANY.

Plymouth.    March 3, 1910. — May 18, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contract,* What constitutes, Implied in fact, Renewal. *Damages,* In contract. *Election.*
*Assignment. Words,* "Renewal."

In an action for an amount alleged to be due to the plaintiff as compensation for services and commissions, under the alleged renewal of a contract in writing between the plaintiff and the defendant, it appeared that by the contract in

writing the plaintiff was employed by the defendant as a salesman for one year at a yearly salary of $2,100, and an additional compensation of at least $1,400 as commissions for the year, with a provision that if either or both parties did not desire to renew the contract notice should be given thirty days before its termination, that the plaintiff worked under this contract for the year, that no notice of a desire not to renew it was given by either party, and that the plaintiff continued his work as before until eight months and a half of the second year had expired, when he was notified by the defendant that on account of financial conditions and the great decrease in business there would be a " discontinuance " of his employment on the next day, that thereupon letters passed between him and the defendant, the plaintiff insisting that his employment was in force until the expiration of the second year and the defendant insisting that the contract had terminated at the expiration of the first year, that the plaintiff notified the defendant that he held himself subject to the defendant's working orders, although he testified that he tried to obtain other employment.  The trial judge, who heard the case without a jury, found for the plaintiff in a sum which was substantially the amount claimed by him.  *Held*, that from the fact that no notice was given before the expiration of the first year the judge had a right to infer that there was a disposition to renew the contract, and that, from the additional fact that the plaintiff, without any other express arrangement either written or oral, continued to work as before with the full knowledge and approbation of the defendant, the judge properly could infer that it was the understanding of the parties that the contract was renewed ; and that such renewal was a hiring of the plaintiff for a second year upon the terms of the contract in writing, with the same right in either party to give notice within thirty days of its expiration that there was no further desire for renewal.

If a salesman, whose employment has been terminated by his employer before the expiration of the term for which he was employed, and who, instead of treating the contract as broken and suing for damages for the breach, notifies his employer that he regards the contract as still in force and holds himself in readiness to work under it, makes, before the term of the contract has expired, an assignment in writing of all claim which he then has or may thereafter have against his employer for sums due him for services and commissions as salesman " whether such claim for services and commissions have accrued, or may hereafter accrue under the written agreement " made by him with his employer or under any oral renewal thereof, this is not an assignment of a claim for damages for a breach of the contract, but is an assignment of all sums then due to him or which may thereafter become due to him for services and commissions under his contract with his employer, and is valid in assigning future compensation to become due under an existing contract.

CONTRACT by the assignee of all claims of Orrin S. Hammack against the defendant for compensation for services and for commissions as salesman under the manager of the defendant's stone tool department, accrued or to accrue under a renewal of an agreement in writing between Hammack and the defendant dated February 15, 1906, for the amounts thus due to Hammack, which he was alleged to have assigned to the plaintiff by an instrument in writing dated January 4, 1908.   Writ dated April 8, 1908.

The contract between the defendant and Hammack, of which a copy was annexed to the declaration, was as follows: .

" Memorandum of Agreement made and entered into this 15th day of February, 1906, by and between Chicago Pneumatic Tool Company, party of the first part, hereinafter called first party, and O. S. Hammack, party of the second part, hereinafter called second party.

" First party agrees to employ second party for a period of one year from Feb. 15th, 1906, as salesman under the manager of the Stone Tool Department of Chicago Pneumatic Tool Company covering Maine, New Hampshire, Vermont, Massachusetts and Rhode Island.

" Second party agrees to report to and carry out the instructions of the management of the Company, and to devote his entire time, energy and ability to the furtherance of the business interests of the Company.

" First party agrees to pay as salary to second party the sum of Twenty-one hundred dollars ($2100.00) per year, payable in equal monthly instalments at the end of each month.   Second party is to be allowed ordinary traveling expenses incurred in the interest of the Company.   As a further consideration, second party is to receive a commission of three per cent. (3%) on stone tools including accessories, and one per cent (1%) on compressors and rock drills including accessories sold by first party in the States of Maine, New Hamshire, Vermont, Massachusetts and Rhode Island; this commission to be paid quarterly, payable on the 20th day of the month succeeding the end of each quarter.   Statements to be based on collections with the understanding that no commissions become due until collections are made for sales.   In the event that commissions on sales of stone tools, compressors and rock drills in the above mentioned states do not amount to a net total of Fourteen hundred dollars ($1400.00) for the year, then first party agrees to make good such deficiency to the second party, payable in cash at the end of the year.

" Second party agrees to use his influence whenever possible to the furtherance of the sale of all tools and air compressors sold by the first party to railroads, manufacturers and other customers not included in the stone tool trade above mentioned,

for which service second party is to receive no further compensation or commission.

" It is further agreed that in the event that either or both parties do not desire to renew this agreement at the time of its expiration that notice be given in writing of intention not to renew at least thirty (30) days prior to the expiration of this agreement.

" In Witness Whereof said parties have affixed their hands and seals at the City of Chicago, State of Illinois, on the date and year aforesaid.

> " Chicago Pneumatic Tool Company
> " J. W. Duntley
>                   President

" Attest,   S. W. Prince
[Seal]            Secretary.

>          " O. S. Hammack "   [Seal].

The assignment from Hammack to the plaintiff, of which a copy was annexed to the declaration, was as follows :

" That I, Orrin S. Hammack, of Quincy, Massachusetts, in consideration of one dollar and other valuable considerations to me paid by James S. Allen, Jr., of Brockton, Massachusetts, hereby assign, transfer and set over unto the said James S. Allen, Jr., all claim which I now have or may hereafter have against the Chicago Pneumatic Tool Company due me for services and commission as salesman under the manager of the Stone Tool Department of said Company whether such claim for services and commissions have accrued, or may hereafter accrue under a certain written agreement made by me with said Company dated February 15, 1906, or under any oral renewal thereof.

" To Have and To Hold the same to James S. Allen, Jr., his executors, administrators and assigns to their own use and behoof forever.

" In Witness Whereof I hereunto set my hand and seal this fourth day of January A. D. 1908.

>          " Orrin S. Hammack "   [Seal]

In the Superior Court the case was tried before *Raymond*, J., without a jury. The facts which were shown by the evidence

are stated in the opinion. The amount of the plaintiff's claim as stated upon an account annexed was $3,650.61.

At the close of the evidence the defendant asked the judge to make the following rulings:

" 1. On all the evidence the plaintiff is not entitled to recover.

" 2. The failure of both plaintiff and defendant to notify the other of their intention not to renew the contract did not operate to renew it, either for a year or any other period of time.

" 3. If the contract was renewed for any period of time after February 15, 1907, it was with the right to the defendant to cancel it at any time upon thirty days' written notice, and the plaintiff can recover, if at all, only for salary and commissions for a period of thirty days after October 29, 1907.

" 4. The terms of the assignment under which the plaintiff sues do not include any right of his assignor to recover damages against the defendant for breach of the written contract.

" 5. The plaintiff can recover under said assignment, if at all, only the commissions due for the first year, as the commissions due for the second year are not apportionable.

" 6. The assignment not including all the claims Hammack had against the defendant at its date, it follows that the plaintiff can recover nothing under it, as the plaintiff never assented to said assignment."

The judge refused to make any of these rulings, and found for the plaintiff in the sum of $3,521.39, with interest from the date of the writ. The defendant alleged exceptions.

The case was submitted on briefs.

*H. T. Richardson*, for the defendant.

*G. W. Abele*, for the plaintiff.

HAMMOND, J. The main questions are first what was the nature of the contract under which Hammack, the plaintiff's assignor, was at work at the time he received notice of his dismissal, and second, what was the nature of the assignment.

1. The only written contract was that of February 15, 1906. By this contract the defendant agreed to employ Hammack, the plaintiff's assignor, for a period of one year from its date, and to pay him as salary $2,100 " per year " payable in equal monthly instalments at the end of each month, and also to pay him a certain commission upon certain sales, " this commission to be paid

quarterly, payable on the 20th day of the month succeeding the end of each quarter." It is further provided that if this commission does not amount " to a net total of fourteen hundred dollars ($1400) for the year," then the defendant is "to make good such deficiency " to Hammack, "payable in cash at the end of the year." The last paragraph is in the following language : " It is further agreed that in the event that either or both parties do not desire to renew this agreement at the time of its expiration that notice be given in writing of intention not to renew at least thirty (30) days prior to the expiration of this agreement." In short, this was a contract for one year from its date, at a yearly salary of $2,100, with an additional compensation of at least $1,400 as commissions for the year, with a provision that if either or both parties did not desire to renew it notice should be given thirty days before its expiration.

Hammack worked under the contract for the year. No notice of a desire not to renew was given by either party, and Hammack, after the expiration of the year, continued his work as before until October 30, 1907, when he was notified by the defendant that on account of financial conditions and the great decrease in business there would be a " discontinuance " of employment as to him on the next day. Thereupon letters passed between him and the defendant as to this matter, the former insisting that his contract was in force until February 15, 1908, and the latter that the contract had terminated on February 15, 1907. From the fact that no notice was given before the expiration of the first year the trial judge had the right to infer that there was a disposition to renew the contract, and from the additional fact that Hammack without any other express arrangement, either written or oral, continued to work as before, with the full knowledge and approbation of the defendant, the judge could properly infer that it was the understanding of the parties that the contract was renewed. If renewed, then the new contract, like the old, was a contract of hiring for a year, with compensation for the year, to be paid quarterly as before, with the same right in either party to give notice within thirty days of its expiration that there was no further desire for renewal. Any other contract would not have been a " renewal " of the original contract. The evidence amply justified a finding that

at the time the plaintiff was dismissed he was working under a contract for the year beginning February 15, 1907. *Dunton* v. *Derby Desk Co.* 186 Mass. 35, and cases cited. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1. In this last case there is a quite full discussion of the law bearing upon this subject, and we need only to refer to it for a statement of the underlying principles.

2. What is the nature of the assignment from Hammack to the plaintiff? It is dated January 4, 1908, which was some weeks before the expiration of the second year. At that time there was due to Hammack all arrears of salary and of commissions up to that time, and the second contract was still binding upon the defendant. Upon the breach of the contract by the defendant there were before Hammack at least two courses. He either could regard the contract as broken and at once sue for damages for the breach, or he could hold himself out as ready to work under it, wait until the expiration of the year and then sue for compensation as fixed by the contract less reasonable deduction of what he could have earned. There was evidence that he intended to take the latter course, for he notified the defendant that he held himself subject to their working orders up to February 15, 1908. And although he testified that he endeavored to seek other employment, yet the trial judge could well find upon the evidence that he intended to hold the defendant as liable for the compensation by the terms of the contract, and not merely to sue thereon in damages for the breach.

Under these circumstances the assignment was made. It covers "all claim which I now have or may hereafter have against . . . [the defendant] . . . due me for services and commission as salesman . . . whether such claim for services and commissions have accrued, or may hereafter accrue under a certain written agreement made by me with said Company dated February 15, 1906, or under any oral renewal thereof." It does not purport to be an assignment of a claim for damages for breach of the contract. In a word it was simply an assignment of all sums then due under both contracts with whatever afterwards should become due for services and commissions (which were in the nature of future earnings) under the renewal contract which was then existing. Such an assignment is valid according to

its terms.   *Citizens Loan Association* v. *Boston & Maine Railroad,* 196 Mass. 528, and cases cited.   It is to be noted also that the declaration in this case proceeds upon this theory as to the nature of the assignment.   It makes no claim except under the terms of the contract.   The assignment of the sums due for services and commissions must be held to include also interest accrued or to accrue.   It follows that the rulings requested were all properly refused.

*Exceptions overruled.*

