## GRAY ENGINE STARTER CO. v. GRAY & DAVIS, Inc.

### (District Court, D. Massachusetts. December 2, 1914.)

### No. 555.

1. PATENTS ☞219—LICENSES—VALIDITY OF CONTRACT.

   That the licensors in a contract granting an exclusive license under a patent represented that they were sole owners of the patent, and warranted that they had full right to grant the license, does not render the contract voidable by the licensee for fraudulent representation or breach of warranty, although the licensors owned only a part interest, where they had authority to make the contract from the other part owners, and where the licensee has had the benefit of the exclusive right granted.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 339–349; Dec. Dig. ☞219.]

2. PATENTS ☞213—CONTRACTS—ASSIGNABILITY—FALSE REPRESENTATION.

   A contract granting an exclusive license under a patent, with a warranty of its validity and a covenant to protect the licensee against attack, in the absence of provisions therefor, is not assignable as a whole by the licensors; but an assignee may maintain an action to recover accrued royalties thereunder.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 315–320; Dec. Dig. ☞213.]

At Law. Action by the Gray Engine Starter Company against Gray & Davis, Incorporated. On demurrer to declaration. Sustained.

Storey, Thorndike, Palmer & Dodge, of Boston, Mass., for plaintiff.

Sherman L. Whipple and Currier, Young & Pillsbury, all of Boston, Mass., for defendant.

Ham, Frederick & Yont and Ralph H. Willard, all of Boston, Mass., for New England Casualty Co.

MORTON, District Judge. This is an action brought by the plaintiff upon a written contract made between the defendant and two third parties, named Light and Gray, respectively, and by them assigned to the plaintiff, for the recovery of royalties alleged to be due under said contract. The declaration alleges, among other things, that Light and Gray owned three-quarters of a certain invention; that one Bosson and one Spann together owned the other quarter; that letters patent for said invention were issued to said Light, Gray, Bosson, and Spann for said invention; that Light and Gray, being duly authorized by Bosson and Spann to act for them, entered into said contract with the defendant; that said letters patent and said contract relating thereto were duly assigned to the plaintiff; that the defendant had due notice of said assignment; that Light and Gray and the plaintiff have fully performed all their obligations under the contract; and that the defendant owes $45,000 to the plaintiff for royalties under said contract. By the contract, a copy of which is annexed to the declaration, it appears that Light and Gray represented therein that they were the sole owners of the invention, that they granted the defendant an exclusive license under it, and that they warranted that they had

full right to grant such exclusive license, and that the patent was valid, did not infringe any other patent, and would be protected by them against attack.

[1] The case is here on demurrer. The first two grounds of demurrer are that the contract was void because of misrepresentation which the defendant alleges appears in the declaration in regard to the ownership of the invention, and because by reason of that, and of the breach of warranty, which it also alleges appears in the declaration, it was absolved from performance of the contract. But, for aught that appears in the declaration, the defendant had full knowledge of the state of the title. The declaration contains nothing from which a fraudulent misrepresentation in relation thereto can be inferred. As to the alleged breach of warranty, it is very doubtful, to say the least, whether there is any breach. The warranty is "that they [Light and Gray] have full right to grant this exclusive license." The declaration avers that Light and Gray had authority from Bosson and Spann to enter into the contract so far as related to their interest. The declaration alleges, expressly or by inference, that the defendant has made extensive and exclusive use of the invention. It is difficult to see, therefore, how there is or can have been any breach of the warranty. Whether, if the defendant had been induced to enter into the agreement by fraudulent misrepresentations by Light and Gray as to the extent of their own ownership, or if there had been a breach of the warranty, the defendant could, on one or both of these grounds, avoid the payment of royalties that have accrued, it is not necessary to consider. Those two grounds of demurrer do not seem to me to be well taken.

[2] The third and remaining ground of demurrer is that the contract was not assignable, and that therefore the plaintiff cannot bring this action upon it. This presents a more difficult question.

The general rule is that when a contract involves personal confidence or skill, or obligations of such a nature as to import personal performance thereof by the parties, it is not assignable, but that when the obligation is simply to pay money or deliver goods, or has been so far performed that only the delivery of goods or the payment of money remains, the contract may be assigned. In Arkansas Smelting Co. v. Belden Co., 127 U. S. 379, 8 Sup. Ct. 1308, 32 L. Ed. 246, it was held that in a contract for the sale and delivery of ore the seller could not be compelled "to accept the liability of any other person or corporation as a substitute for the liability of those with whom it had contracted." See, also, Delaware County v. Diebold Safe & Lock Co., 133 U. S. 473, 10 Sup. Ct. 399, 33 L. Ed. 674; Boston Ice Co. v. Potter, 123 Mass. 28, 25 Am. Rep. 9; Burck v. Taylor, 152 U. S. 634, 14 Sup. Ct. 696, 38 L. Ed. 578. On the other hand, it was held in the House of Lords, in Tolhurst v. Associated Portland Cement Mfg. Co., [1903] A. C. 414, s. c. [1902] 2 K. B. 660, that a contract running for 50 years for the supply of chalk to the amount of at least 750 tons per week at 13.3d. per ton, and as much more as the buyer should require for the whole of its manufacture of Portland cement upon land near the chalk quarries, was assignable by it—three judges, Lords MacNaghten, Shand, and Lindley, constru-

ing the contract to mean the same as if it read "with the contractor, its successors and assigns, owners and occupiers of the works." The Lord Chancellor, the Earl of Halsbury, agreed to this conclusion, but "with very great hesitation." Lord Robertson dissented. In British Waggon Co. and Parkgate Waggon Co. v. Lea & Co. (1880) 5 Q. B. D. 149, a contract whereby 50 waggons were let for a term of years at an annual rent, the lessor agreeing to keep the waggons in repair, was held assignable. The court held that the repair of the waggons by the party to whom the contract was assigned was a sufficient performance of the contract.

The agreement in the present case expressly provides that the license may be assigned by the defendant company in case of a sale or consolidation of the business conducted by it. There is no provision for an assignment by Light and Gray, the other parties to the contract. The absence of such a provision, or of the word "assign," would not be fatal, if it appeared from the true construction of the contract that the parties contemplated that it might be assigned by Light and Gray. But the covenants in the warranty import personal and important liabilities on the part of the warrantors; and the defendant, in the absence of an agreement by it to that effect, cannot be compelled to substitute therein the plaintiff for Light and Gray.

It follows, I think, that the contract was not assignable as a whole, and that this action in its present form cannot be maintained. The Massachusetts statute relating to suits by assignees of contracts does not enlarge the right of partial assignment of contracts. Rev. Laws, c. 173, § 4. But the declaration alleges that royalties have become due under the contract, and it seems to me that the assignment may be given effect as an assignment of such accrued and unpaid royalties. This would require an amendment of the writ, so that the action should appear to be brought in the name of Light and Gray for the benefit of the Gray Engine Starter Company.

The demurrer is sustained, with leave to the plaintiff to move to amend the writ and declaration, if so advised.