LIGHT et al. v. GRAY & DAVIS, Inc.

(District Court, D. Massachusetts. November 16, 1915.)

No. 596.

ACTION ⬅50(2)—PRACTICE—SEPARATE COUNTS ON SAME CAUSE OF ACTION—
SUIT BY ASSIGNEE—"REPRESENTATIVE CAPACITY"—SUITS FOR THE BENEFIT
OF ANOTHER.

An assignor of a contract, in bringing an action thereon for the benefit
of his assignee, is not suing in a representative capacity, within the mean-
ing of Rev. Laws Mass. c. 173, § 16, cl. 1, and the declaration may join a
count to recover in plaintiff's own right with one to recover for the
benefit of the assignee, in order to cover the damages sustained by the
person beneficially interested, where it is alleged that both counts are
for the same cause of action.

[Ed. Note.—For other definitions, see Words and Phrases, First and
Second Series, Representative Capacity.]

At Law. Action by Robert C. Light and others against Gray & Da-
vis, Incorporated. On demurrer to declaration. Overruled.

Storey, Thorndike, Palmer & Dodge, of Boston, Mass., for plaintiff.

MORTON, District Judge. A previous action was brought against
this defendant by the Gray Engine Starter Company, as assignee of the
same contract which forms the basis of the declaration in this action.
The defendant demurred upon the grounds, inter alia, that said con-
tract was not assignable, and that action could not properly be brought
upon it by the assignee; and it was so held. Gray Engine Starter Co.
v. Gray & Davis, Inc. (Mass. District Court, No. 555, Law) 224 Fed.
723, opinion December 2, 1914. Thereafter this action was brought by
writ dated December 28, 1914, by the original parties to the contract.

The present declaration contains two counts, in one of which the
plantiffs claim to recover royalties in their own right and in the other
for the benefit of the Gray Engine Starter Company. The defendant
has demurred upon several grounds, some of which present the same
questions which were considered and decided against the defendant in
the previous action. The principal new ground of demurrer is that
the counts are improperly joined under chapter 173, § 16, cl. 1, of the
Revised Laws of Massachusetts, in that in one count the plaintiffs sue
in a representative capacity, and in the other in their own right, and
that the declaration contains no statement that both counts are for the
same cause of action.

Suits are brought by one person "for the benefit of another" when
the right of action is vested in the first and the right to damages in the
second, but the latter is prevented by some rule of law from suing for
them in his own name. An assigned contract is the commonest basis
for such suits, although it is not the only one. The words quoted bring
into the damages the loss sustained by the person beneficially interest-
ed. Without them it is possible that only nominal damages would be
awarded. Grime v. Borden, 166 Mass. 198, 44 N. E. 216. It does
not seem to me that the plaintiff in such an action is suing in a "repre-

sentative capacity" as those words are used in this statute. The objection is a purely technical one, and I am not disposed to extend the statute beyond its necessary meaning. I think the declaration should allege that both counts are for the same cause of action, if, as I understand, that is the fact. The plaintiffs may amend by inserting such an allegation, if so advised.

In view of the former opinion, the other grounds of demurrer do not require discussion. In addition to the cases there cited, see Central Brass Stamping Co. v. Stuber, 220 Fed. 909, 136 C. C. A. 475; Allen v. Chicago Pneumatic Tube Co., 205 Mass. 569, 575, 91 N. E. 887; New York Bank Note Co. v. Kidder Press Mfg. Co., 192 Mass. 391, 404, 405, 78 N. E. 463.

Demurrer overruled.