·Essex S. Abbott & others *vs.* Charles Moss & another.

Essex.   October 7, November 5, 1929. — May 28, 1930.

Present: Rugg, C.J., Pierce, Wait, Sanderson, & Field, JJ.

*Equity Jurisdiction*, Accounting.   *Assignment.*

In a suit in equity against an individual and a corporation for an accounting to the plaintiffs as assignees respecting sums received by the individual defendant as a prior assignee of accounts receivable of the corporation, it appeared that the defendants had made a contract in writing whereby the individual defendant was to lend money to the corporation, was to receive no interest on loans up to $20,000, was to "render services to the" corporation "as office manager" from January 12 to May 31 at a weekly salary of $100, and, if on May 31 the corporation was indebted to him for money loaned, such employment was to continue until the indebtedness was paid either through collections by him or through payment by the corporation. The corporation was adjudicated a bankrupt on March 23, and the individual defendant did no work in the office after March 24 "for the corporation, the receiver or the trustee"; the "services performed by him thereafter related to the collection of the accounts which had been assigned to him as collateral security." Previous to May 31, he had collected sums in excess of the amounts he had lent to the corporation, and sought to deduct therefrom the stipulated salary from March 24 to May 31. A decree was entered denying him such deduction, and he appealed. *Held*, that

(1) By reason of the fact that the defendant did no work in the office after March 24, he was not entitled to salary thereafter;

(2) There was not even a moral obligation to pay such salary and no lien to secure its payment was preserved.

BILL IN EQUITY, filed in the Superior Court on August 14, 1928, and described in the opinion.

The suit was referred to a master and after the filing of his report was heard by *F. T. Hammond*, J., by whose order the final decree described in the opinion was entered. The defendant Moss appealed.

*E. M. Dangel & C. H. Dow*, for the defendant Moss, submitted a brief.

*E. S. Abbott*, for the plaintiffs.

FIELD, J. This is a bill in equity brought in the Superior Court by Essex S. Abbott and Joseph V. Carroll, co-partners, and Esther Triedman, plaintiffs, against Charles Moss and Freedman Bros. Shoe Co. Inc., defendants, to require the defendant Moss to turn over certain checks — as to which there is now no controversy — and for an accounting.

On January 12, 1928, the defendants entered into a written agreement whereby they agreed that from its date to May 31, 1928, the defendant corporation, therein called the Borrower, "shall employ" the other defendant, therein called the Lender, and "the Lender shall render services to the Borrower, as office manager of the Borrower's office at said Haverhill, at a weekly salary of one hundred (100) dollars payable on January 23, 1928 and weekly thereafter, and, if on said May 31, 1928 the Borrower shall be indebted to the Lender in any amount for money loaned or advanced by the Lender to the Borrower as hereinafter provided, such employment and salary and weekly payment thereof shall continue after said May 31, 1928 until such indebtedness shall have been paid in full either by the receipt by the Lender of the proceeds of accounts receivable assigned and to be assigned to him . . . or by payment by the Borrower directly." The Lender was to make loans to the Borrower on the security of accounts receivable, and any "money which shall become due . . .

from the Borrower to the Lender" under the agreement was to "be added to, and be a part of the loan; and the lien of the Lender on the accounts receivable" was to apply thereto. For loans up to $20,000 outstanding at any one time the Lender was to receive no interest. The Borrower was to pay the expenses of the Lender in collecting the accounts receivable assigned to him as security. Whenever the Lender collected cash from such accounts receivable in excess of the total indebtedness the amount of such excess was to be paid to the Borrower.

The defendant Moss entered upon the discharge of his duties as office manager on January 16, 1928. From time to time he advanced to the defendant corporation, under the terms of the contract, sums of money aggregating $44,195.68 in amount. Accounts receivable aggregating $59,384.72 were assigned to him. He proceeded to collect such accounts and, prior to May 31, 1928, had collected sums in excess of the debt to him. He "did no work in the office after March 24, 1928 . . . for the corporation, the receiver or the trustee." The "services performed by him thereafter related to the collection of the accounts which had been assigned to him as collateral security."

At the time the agreement was made, the defendant corporation was in financial difficulties. On March 23, 1928, it filed a voluntary petition in bankruptcy and was adjudicated bankrupt. Thereafter it offered a composition to its creditors which was confirmed on July 31, 1928. The plaintiff Triedman furnished money for this composition. The plaintiffs Abbott and Carroll for security for the payment of their fees for legal services took an assignment, dated August 1, 1928, for $1,000, of all the accounts receivable of the defendant corporation, subject to the assignment to the defendant Moss, and the plaintiff Triedman took an assignment of such accounts receivable, also dated August 1, 1928, subject to the two other assignments.

After the confirmation of a master's report and the finding of additional facts by the trial judge, a decree was entered ordering payment to the plaintiffs Abbott and Carroll of $1,000 on account of their assignment, and to the plaintiff

Triedman of $837.38 on account of her assignment. The defendant Moss appealed from this decree and contends here that he is entitled to retain, in addition to other amounts retained, the sum of $971.43 as his salary from March 24, 1928, to May 31, 1928.

According to the terms of the contract, the salary payable to the defendant Moss was to be compensation for services rendered by him to the defendant corporation "as office manager" of its "office at said Haverhill." Such salary was not to be paid to him as compensation for his services in collecting accounts receivable, except as such services were incidental to his work as office manager, or as compensation for the use of money loaned without interest, though evidently it was thought that by having the employment at this salary the defendant would be compensated for such services and such use of money loaned. The defendant, however, did not render the services for which he was employed. He "did no work in the office after March 24, 1928 . . . for the corporation, the receiver or the trustee." This was true though no receiver was appointed until April 2, 1928, and no trustee elected until April 26, 1928. After March 24, 1928, the defendant Moss devoted himself "to the collection of the accounts which had been assigned to him as collateral security." It is to be inferred, if the fact is material (see *Allen* v. *Chicago Pneumatic Tool Co.* 205 Mass. 569, 575, Williston, Contracts, § 1361), that after March 24, 1928, the defendant Moss did not hold himself out as ready to render the services for which the salary was to be compensation.

Upon the facts found and reasonable inferences therefrom, the defendant Moss was not entitled to salary as such and, consequently, no moral obligation to pay salary or lien to secure its payment was preserved. See *Champion* v. *Buckingham*, 165 Mass. 76; *Citizens Loan Association* v. *Boston & Maine Railroad*, 196 Mass. 528, 530. This defendant's right, if any, was to damages for breach by the defendant corporation of the contract of employment. *Cutter* v. *Gillette*, 163 Mass. 95, 97. Whether he was entitled to prove in bankruptcy a claim for damages for breach of this

contract, on the ground that the intervention of bankruptcy constituted such a breach, need not be decided. See *Central Trust Co.* v. *Chicago Auditorium Association*, 240 U. S. 581. In any event the security of the accounts receivable did not extend to a claim for damages for breach of the contract. It was limited to amounts due thereunder. *Allen* v. *Chicago Pneumatic Tool Co. supra.* The defendant Moss, therefore, was not entitled to retain the sum of $971.43, or any part of it, as claimed by him.

The defendant Moss has made no argument before us as to other amounts, which, under the decree, he was not permitted to retain.

It follows that the decree must be modified to include interest to the date of decree after rescript on the amounts payable to the plaintiffs, and so modified is affirmed with costs.

*Ordered accordingly.*