JOHN ALDRIDGE *vs.* FORE RIVER SHIP BUILDING COMPANY.

Norfolk.   November 20, 1908. — February 25, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Contract,* What constitutes. *Novation.* *Words,* "Present positions."

At the trial of an action of contract against the B. corporation for an amount alleged to be due to the plaintiff as wages under a contract in writing, it appeared that the plaintiff and the E. corporation had made a contract in writing in five paragraphs, providing in its first and third paragraphs that that corporation would employ the plaintiff and the plaintiff would work for that corporation for five years at a certain wage per week, providing in its second paragraph for additional compensation to be paid to the plaintiff at the end of each year in capital stock of the E. corporation, in its fourth paragraph defining what the duties of the plaintiff were, and in the fifth providing a method of terminating the contract. Before the termination of the contract, the E. corporation became insolvent and ceased doing business. Its assets were purchased at a foreclosure sale by the defendant, which continued its business without interruption, after issuing a bulletin, numbered as part of a continuous series started by the E. corporation, stating that it, having purchased at foreclosure sale the property of the E. corporation, "will carry on the business heretofore carried on by that company, whose employees are invited to continue in their present positions." The plaintiff continued in the employment of the defendant until he was discharged without fault on his part before the end of five years from the date of the con-

tract with the E. corporation. *Held,* that the defendant, upon the acceptance by the plaintiff of its offer contained in the bulletin, did not become bound to carry out the contract previously made between the plaintiff and the E. corporation, the words ".present positions" in the bulletin being descriptive of the work which the plaintiff was doing and not of the other terms of his contract.

CONTRACT. Writ in the Superior Court for the county of Norfolk dated July 22, 1905.

The case was tried before *Schofield,* J. The facts are stated in the opinion. The presiding judge ordered a verdict for the defendant and reported the case for determination by this court, it being agreed that, if the ruling of the trial judge was wrong, a verdict should be entered for the plaintiff for $2,150, but if the ruling was right, judgment was to be entered on the verdict.

*J. E. Hannigan (I. Fox* with him,) for the plaintiff.

*L. A. Ford,* for the defendant.

RUGG, J. The plaintiff made a written agreement with a corporation known as the Fore River Ship and Engine Company, by the terms of which he was to work for it during a term of five years from January 1, 1902, as "Foreman machinist," at a stated weekly wage in cash, and the additional compensation at the end of each year of service of $1,000, par value of the common stock of the said corporation. The plaintiff continued in this employment until September 8, 1904, when the Fore River Ship and Engine Company became insolvent, and thereafter did no business. Its assets and business were purchased at a foreclosure sale by the defendant corporation, which was organized as a part of a reorganization plan. The business was continued without interruption, and the same man was president of both corporations. On the same day, September 8, 1904, the defendant sent to the plaintiff and posted in its shops a paper of the tenor following:

"Fore River Ship Building Company
Bulletin No. 73.

"The Fore River Ship Building Company, a corporation organized under the laws of the Commonwealth of Massachusetts, having purchased at foreclosure sale the property of the Fore River Ship & Engine Company, will carry on the business here-

tofore carried on by that Company, whose employees are invited to continue in their present positions.

"F. T. Bolles,

President.

"Quincy, Massachusetts
September 8th, 1904."

This was in fact the second bulletin issued by the defendant, but was the seventy-third, counting consecutively those issued by both corporations. The plaintiff read the notice and without further communication with the defendant or any of its agents continued to perform for it the same work he had done for the Fore River Ship and Engine Company and received therefor the same weekly pay until December 31, 1904, when he was discharged without fault on his part.

This action is for breach of contract, the plaintiff contending that the bulletin above recited and accepted by him made the defendant liable according to the terms of his written agreement with the Fore River Ship and Engine Company. The only question is whether the words "present positions" as used in the bulletin mean the specific contracts under which employment theretofore existed or merely the place of work. The usual significance of position is place or situs. It does not include all the terms and conditions which go with place. Its common use is well illustrated in the geometrical definition of a point as having "position but not extension." That this must be its meaning in the bulletin becomes more apparent when the terms of the written agreement with the first corporation are analyzed. It consists of five paragraphs. The first is the agreement of the corporation to employ the plaintiff at the weekly pay. The third is the plaintiff's correlative agreement to work for the stipulated time at the agreed wage. The second relates to the additional compensation in stock. The fourth is a description of the work which the plaintiff was to do as "Foreman Machinist." It is a definition of his "position" as employee. The fifth provides one way for terminating the contract. The contract thus not only definitely marks the limits of the "position" of "Foreman Machinist," its other provisions include two kinds of compensation, the term of service and one way for ending the employment. The only portion of that contract to

which the bulletin refers is the single one of position. The defendant agreed to continue the "positions" of old employees, which can mean only the general character of work, but it said nothing about compensation or length of service or how service might be ended. These and other terms of employment were left open to be fixed by further agreement. The paragraph in the contract as to compensation in stock cannot be held to apply to stock in the defendant, and the plaintiff does not so argue. Its presence, however, is an additional argument that the old contract cannot be imported into the relation established between the plaintiff and the defendant by the terms of the bulletin. This construction does not render the bulletin an empty form. It was used on the very day of the purchase by the defendant of the property of the defunct corporation, and was notice to all employees of the change of ownership and the existence of a new employer, and an assurance that the defendant did not desire to end the service or alter the place of work of any of the employees of the old corporation. This was substantial information and a proposition as to important matters. The plaintiff had a right, notwithstanding the continuance of his work for the defendant, to assert his claim in the bankruptcy court against the Fore River Ship and Engine Company or in a court of equity if a receiver was appointed.

The bulletin is not ambiguous in terms and is complete. Its words "present positions" do not refer to pre-existing contracts, nor incorporate their terms by implication. If a dispute had arisen between the plaintiff and the defendant as to the kind of work he was required to do, it is possible that the fourth clause of the original contract might be material evidence as showing what was his place of employment in the labor organization of the business; but that issue is not here raised. It is not otherwise necessary to refer to it in order to understand fully the import of the bulletin.

*Judgment on the verdict.*