## Charles R. Norris, Defendant in Error, v. Hess Bright Company, Plaintiff in Error.

### Gen. No. 18,637.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914.

### Statement of the Case.

Action by Charles R. Norris against Hess Bright Company, a corporation, to recover damages for breach of a contract of employment. The contract was in writing and was entered into between the plaintiff and the Hess Bright Manufacturing Company, the business of which was subsequently taken over by the defendant corporation. From a judgment in favor of plaintiff for four hundred and fifty dollars, defendant brings error.

ELBERT C. FERGUSON, for plaintiff in error.

ALDEN, LATHAM & YOUNG, for defendant in error; T. A. SHEEHAN, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. CORPORATIONS, § 471*—*when liable on contract of employment made with a company whose business is taken over.* Where a company enters into a written contract to employ a person and later the company organizes as a corporation and takes over its former business and both the employe and the corporation thereafter treat the contract of employment as with the corporation, *held* that the corporation is liable on the contract.

2. MASTER AND SERVANT, § 23*—*when notice to cancel contract of employment may be given.* Where the provisions of a contract of employment are that the agreement is to remain in force for one year and after such time to become self-perpetuating from year to

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

year, unless three months prior to the expiration of any year due notice is given by either party to cancel it at the end of the current year, the employer is required to give notice three months prior to the end of the first year to cancel the contract before that date.

3. MASTER AND SERVANT, § 37*—*when letter does not constitute notice to cancel contract of employment.* Under a contract of employment requiring three months' notice to cancel the same, a letter written by the employer to the employe stating that "the best way to relieve us of an embarrassing situation would be for you to immediately set about looking for another business connection and resign," etc., *held* not to constitute a discharge nor a notice of the desire of the employer to cancel the contract.