fendant.   To reverse a judgment entered on a finding in favor of defendant, plaintiff prosecutes a writ of error.

FRANK FOSTER, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. TRIAL, § 286a*—*necessity of argument.* It is not error for the court trying a case without a jury to render a decision without requiring argument of counsel.

2. APPEAL AND ERROR, § 989*—*when disallowance of motion for nonsuit not presented for review.* Refusal of court to allow a motion to be made for a nonsuit is not presented for review where it does not appear from the record any attempt to make such a motion was made.

---

Richard M. Saltonstall et al., Plaintiffs in Error, v. George H. Mead and The George H. Mead Agency, Inc., Defendants in Error.

### Gen. No. 19,718.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRANK C. GRAHAM, Judge, presiding. Heard in this court at the October term, 1913. Reversed and judgment here with finding of fact. Opinion filed January 25, 1915.

### Statement of the Case.

Action of distress for rent, brought in the Municipal Court of Chicago by Richard M. Saltonstall and others

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

against George H. Mead and The George H. Mead Agency, Inc. The defense was that the property levied upon was the sole property of The George H. Mead Agency, a corporation, and that no relation of landlord and tenant existed between this Company and the plaintiffs. Upon trial without a jury the court found against the plaintiffs on the issue as to the right to levy the distress warrant and dismissed the suit as to The George H. Mead Agency. On the same date on which the distress warrant was levied the Mead Agency commenced replevin proceedings, in which the goods levied upon in the distress proceedings were delivered to it. By a stipulation both the distress proceedings and the replevin suit were heard by the judge of the Municipal Court to whom the distress proceeding had been assigned, the evidence being the same in both cases. The court found in the replevin suit that the right of possession in the property was in The George H. Mead Agency, the plaintiff.

This writ of error is prosecuted by plaintiff to reverse the judgment of the court in the action for distress for rent. A writ of error was also prosecuted to reverse the judgment in the replevin suit. See *The George H. Mead Agency v. Saltonstall*, p. 176, *post*.

The facts of the case were substantially as follows: In January, 1911, the premises occupied by defendant were leased to George H. Mead by a written instrument for a term beginning May 1, 1911, and ending April 30, 1914. At the time of making this instrument George H. Mead occupied an office on the seventh floor of the same building (the Marquette Building), where he was engaged in the advertising business under the name of The George H. Mead Agency. In February, 1911, he caused his business to be incorporated under the same name, to wit, The George H. Mead Agency. In this corporation George H. Mead subscribed for all of the capital stock except two shares, which were subscribed for by other persons but not paid for. By

a resolution George H. Mead turned over to The George H. Mead Agency in payment of his subscription to its capital stock a certain amount of cash and the "assets and good will of the business heretofore conducted by me under the name of The George H. Mead Agency." Among these assets was the office furniture which was subsequently levied upon by the plaintiffs in this proceeding. The resolution further provided that the corporation was to assume all bills payable, consisting of the current bills. On or about May 1, 1911, Mead and the corporation took possession of the demised premises and the business was conducted as before, but under the name of "The George H. Mead Agency, Inc.," of which George H. Mead was the president and general manager. No other officers of the corporation or employees occupied or used any portion of the demised space. The monthly rental under the lease was thereafter paid regularly and continuously for some time by The George H. Mead Agency through its checks.

ALLEN G. MILLS, for plaintiffs in error.

No appearance for defendants in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

LANDLORD AND TENANT, § 366*—*when property of corporation organized by lessee subject to distress for rent.* Where a person leased premises for his business in his individual name, and thereafter incorporated his business, subscribed for nearly all the capital stock, and conducted the business on the premises as president and general manager and paid the rent through the checks of the corporation, *held* that the conduct of the parties constituted an acceptance by the corporation of the lease and that it became bound by provisions thereof so that its office furniture might be seized under a distress warrant for rent.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.