JAMES A. HORTON *vs.* WICKWIRE SPENCER STEEL CORPORATION.

Worcester.     September 26, 1921. — October 11, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Contract*, Performance and breach. *Novation. Notice. Waiver.*

A corporation made "for itself, its successors and assigns" a contract in writing with an inventor, in which the inventor bound "himself, his heirs, executors, and administrators," which was dated August 28, 1917, and provided that the inventor should be employed by the corporation as engineer and inventor, should receive stipulated sums as salary during each of the first three years and the same sum as in the third year for each year thereafter that the contract might remain in force, and that the agreement might "be terminated by either party hereto by serving notice in writing upon the other not less than sixty days prior to any anniversary of the date hereof." During the second year of the contract, all the assets and plant of the corporation were taken over by a second corporation, which assumed all obligations and carried on its business without interruption. The inventor, although he was not notified formally, knew that the plant thus had been taken over, continued his work as theretofore and was paid his stipulated salary by the second corporation. On August 9 of the second year an officer of the second corporation had a talk with him about terminating the contract, which was followed by proposals by both parties in correspondence closing with a letter from the corporation's officer to the inventor, dated August 20 and stating that, "in view" of facts related in the letter, "we will continue the contract for the balance of the year." The inventor continued in the second corporation's employ until August 28, 1920, doing no work from November, 1919, to August 20, 1920, but receiving the salary stated in the contract. He then was discharged. At the trial before a judge without a jury of an action, brought on October 4, 1920, by the inventor

against the second corporation on the contract, there was a finding for the plaintiff in the sum of $3,500.   *Held,* that

(1) Whether the finding was based on the theory of a novation or otherwise, it could not be said to be unwarranted;

(2) A refusal of the judge to "find or rule that the plaintiff understood or ought to have understood from the defendant's letter of August 20, 1919, or from the talk or any circumstances or all combined, either that the contract had been cancelled in its entirety, or that the required sixty-days' notice to terminate had been given him," was not unwarranted;

(3) It could not be said as a matter of law that the plaintiff had waived the requirement of the written notice as a condition precedent to the termination of the contract;

(4) Upon the findings warranted by the evidence, the plaintiff's contract was in force for the year beginning August 28, 1920;

(5) No question being raised as to the proper measure of damages in view of the fact that the writ was brought before the end of the year, no ruling thereon was made.

CONTRACT for damages resulting from the discharge of the plaintiff from employment by the defendant in alleged violation of an agreement in writing, described in the opinion, between the plaintiff and the defendant's predecessor, the Clinton Wire Cloth Company.   Writ dated October 4, 1920.

In the Superior Court, the action was heard by *Lawton, J.,* without a jury.   Material evidence is described in the opinion. The judge found for the plaintiff in the sum of $3,500 with interest from the date of the writ; and the defendant alleged exceptions.

The case was submitted on briefs.

*P. D. Wesson & R. B. Fletcher,* for the defendant.

*G. K. Woodworth,* for the plaintiff.

DE COURCY, J.   The Clinton Wire Cloth Company, by a written agreement dated August 28, 1917, employed the plaintiff as mechanical engineer and inventor.   His salary was fixed at $2,600 for the first year, $3,000 for the second year, and $3,500 for the third year and for each year thereafter that the agreement might remain in force.   On August 28, 1920, he was discharged by this defendant; and his subsequent efforts to obtain employment were unsuccessful.   This action for breach of the contract was tried in the jury waived session of the Superior Court, and the judge found in favor of the plaintiff.   The only questions of law raised by the defendant's exceptions are whether the evidence warranted findings (1) that this defendant was bound by said

written contract, and (2) that the sixty day notice, required to terminate the contract, was not given nor waived.

1. The Clinton Wire Cloth Company entered into the agreement "for itself, its successors and assigns;" and the plaintiff contracted "for himself, his heirs, executors and administrators." In June, 1919, the defendant, which was then named the "Clinton-Wright Wire Company" acquired all the property and assets, and assumed all the liabilities and obligations, of the Clinton Wire Cloth Company; and the business was carried on without interruption. The plaintiff continued his work as theretofore, knowing that the plant had been taken over by the defendant, although he was not formally notified. The new company paid his usual salary; and on August 9, 1919, when its assistant general manager had a talk with the plaintiff at Worcester, it definitely appeared that the defendant was running the Clinton plant. At that interview there was a discussion about terminating the contract, and a proposition made by the manager was reduced to writing in the form of a letter. After said August 9 the duties of the plaintiff consisted mostly in drafting, with some designing, and the invention of a machine known as a "punch." He did no work from November, 1919, until August 20, 1920, by direction of the defendant's superintendent; but by the latter's orders his weekly salary was paid until August 28, 1920. In brief, the testimony and the reasonable inferences from the conduct of the parties tended to show that the defendant, as the lawful successor and assignee of the Clinton Wire Cloth Company, assumed the latter's liability to the plaintiff under the contract, and that the plaintiff agreed to the substitution of the defendant as party to the contract, and the discharge of the Clinton Wire Cloth Company from further liability thereunder. Whether the finding of the court in favor of the plaintiff was based on the theory of a novation or otherwise, we cannot say that it was not warranted by the evidence. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 3. Cases like *Mellen* v. *Whipple*, 1 Gray, 317, and *Aldridge* v. *Fore River Ship Building Co.* 201 Mass. 131, relied upon by the defendant, are distinguishable on the facts.

2. Clause 7 of the contract reads as follows: "This agreement may be terminated by either party hereto by serving notice in writing upon the other not less than sixty days prior to any anni-

versary of the date hereof." As already appears, beginning on August 9, 1919, the defendant sought to arrive at a mutual agreement with the plaintiff for the cancellation of the contract. Its offer then made, to pay him three months' salary in advance was met by counter propositions in his letter of August 13. Neither of these was acceptable to the defendant. In its letter of August 20, 1919, the assistant general manager wrote "I note that you do not care to deviate from the terms of the contract, or accept the proposition which I made in my letter. In view of these facts we will continue the contract for the balance of the year." The defendant apparently cherished an opinion that this letter constituted a written notice of termination of the contract. But even assuming that the words "the balance of the year" should be interpreted to refer to the end of the next contract year, rather than the pending one, or the calendar year 1919, nevertheless the letter did not inform the plaintiff that the defendant intended to terminate his employment August 28, 1920. There is force in the argument that the plaintiff, who performed no work for the defendant from November, 1919, to August 28, 1920, ought to have understood that his employment under the contract was to end on the latter date. But we cannot say that the trial judge had no warrant in the evidence for finding as he did in the so called "memorandum": "Giving full weight to all the oral testimony in the case, I cannot find or rule that the plaintiff understood or ought to have understood from the defendant's letter of August 20, 1919, or from the talk or any circumstances or all combined, either that the contract had been cancelled in its entirety, or that the required sixty days' notice to terminate had been given him." Nor can we say, in view of the plaintiff's insistence throughout on the letter of his contract, that he waived the requirement of written notice in accordance with its terms. In the absence of such notice or waiver, his contract was in force for the year beginning August 28, 1920. *Allen* v. *Chicago Pneumatic Tool Co.* 205 Mass. 569, and cases cited. *Norris* v. *Hess Bright Co.* 185 Ill. App. 262.

Although the writ was brought before the end of the year for which the plaintiff sued, no question was raised as to the measure of damages.

*Exceptions overruled.*