The Swords Company, Appellee, v. F. G. Hogland, Appellant.

Gen. No. 8,866.

612

Opinion filed January 10, 1935. Rehearing denied February 11, 1935.

HALL & DUSHER, of Rockford, for appellant.

GUYER & BERRY, of Rockford, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This is an action by appellee corporation against appellant, based upon a novation contract. A trial by jury was had, resulting in a verdict in favor of appellee. This appeal is prosecuted from the judgment of the circuit court upon the verdict.

Suit was brought to recover for plumbing and heating fixtures and labor in installing same in a residence located upon premises described as 905 Ridgewood Road, Rockford, Illinois. The above lot was owned by Annette Wortham, daughter of appellant. The residence was constructed in 1926, and Annette Wortham and her husband live in the same.

Appellee was not paid for the material and labor furnished in the construction of said house. The evi-

dence discloses that on September 1, 1928, appellee mailed its statement for the amount claimed due, as follows:

"MONTHLY STATEMENT

SWORDS BROS. COMPANY

PLUMBING, HEATING AND MILL SUPPLIES

627–635 Seventh Street

Warehouse 2301 Eleventh Street

Rockford, Illinois

Sep. 1—1928

In account with Horace Wortham Jr.

905 Ridgewood Road

Rockford, Illinois.

Pay last amount
shown in this
column

Interest Charges on Overdue
Account. Terms: Net cash 30 days

| Date Items | Charges | Credits | Balance |
|---|---|---|---|
| 1928 | | | |
| Jan. Previous | | | |
| Balance rendered | | | 5938.53 |

This balance is over-due
Please remit"

On September 19, 1928, appellant mailed to appellee a memorandum, as follows:

"National Lock Co.          Memo          9/19/28

Friend Tom

Please ask your Accounting Department to charge this to my personal account. It was never ordered by Annette—it was my liability from the beginning. Think I will be able to pay something—whereas Annette probably cannot for she has no income except for daily wants.

Frank"

To the above memorandum was pinned the statement from appellee to the Worthams as above set out, issued

under date of September 1, 1928. Following the re-ceipt of this memorandum and statement by appellee on September 19, 1928, appellee caused the necessary entries to be made upon its books, whereby the liability and indebtedness of Wortham and wife was extinguished, and appellant became debtor in place of the original debtors. The Wortham account was duly credited with the sum of $5,938.53, and this amount was transferred to the account of appellant and his account was debited with such amount. Following this, appellee, on September 20, 1928, mailed to appellant its letter containing the following statement:

"Sept. 20, 1928

Filing Copy
Mr. F. G. Hogland
c/o National Lock Co.
Rockford, Illinois
    To transfer Horace Wortham Jr.
    account to your account as per
    your written instructions to
    Mr. T. E. Swords of Sept. 19—1928        5938.53"

It does not appear that appellant made any complaint as to appellee's having misunderstood the meaning of his memorandum concerning the Wortham account, and the transfer of it to his account pursuant to appellee's above notice. He later objected to certain alleged duplications of charges made in said account. In his letter to appellee regarding such duplications, he states that the correct charge should be $5,344.08 instead of $5,938.53, and advises appellee that his secretary will explain to it the duplications. Following this, the items contained in the account were reviewed by appellee and appellant's secretary, the errors corrected, and the account changed to correspond with the amount suggested by appellant in his letter as being the correct sum, to wit, $5,344.08.

'On April 9, 1930, appellant mailed his letter to appellee in which he stated that he was inclosing statements of his account with D. F. Swords and with Swords Bros. Co., in which he asks that the statements be promptly checked in order that a settlement might be arrived at. In the statements of account appears the following entry: "Due Swords Bros. Co. from F. G. H. (meaning appellant) as per statement and invoices rendered in October, November and December, 1926—covering plumbing fixtures, plumbing & heating fixtures, labor heating and plumbing for Wortham home at 905 Ridgewood Road.............$5344.08.''

Appellee claimed that the assumption of the liability of Wortham and wife to it by appellant, and the extinguishment of the debt of the original debtors, as occurred in this case, constituted a novation. Novation is the extinguishing by mutual agreement of one obligation by another. The essentials thereof are well defined in law. There must be a previous valid obligation, which by agreement of the parties is extinguished by a new contract valid in law. *Kiefer v. Reis,* 331 Ill. 38; *Walker v. Wood,* 170 Ill. 463; *Commercial Nat. Bank v. Kirkwood,* 172 Ill. 563.

As far as the record in this case is concerned, there appears to be no uncertainty as to the premises referred to by appellant in his memorandum to appellee. It is undisputed that the debt existing against the Worthams was a valid obligation, and that the same was extinguished by appellee pursuant to the directions given it in the memorandum from appellant; also that the debt of the original debtors was charged to appellant as directed, and notice thereof mailed to appellant upon the same day his memorandum was received.

Appellant seeks to avoid a novation upon the grounds that the evidence failed to demonstrate that his daughter, Annette Wortham, and her husband,

Horace, assented to same. The statement of account existing between appellee and the original debtors which had been mailed to the Worthams by appellee under date of September 1, 1928, was attached to appellant's memorandum that he mailed to appellee. Wortham and wife deny any knowledge of the amount due appellee, that they received any monthly statements, that they ever talked to appellee about the account, and state they never inquired of appellee whether they were indebted to it. They do not deny knowledge that appellee installed the plumbing and heating in their residence. The house having been constructed for them, as their home, and they living in the same, are chargeable with knowledge of whether they had ever paid for the construction thereof, unless it was constructed by appellant as a gift to his daughter. While appellant, his daughter and her husband, deny any agreement among themselves as to the novation, yet the evidence discloses strong circumstances to the contrary. After the statement of September 1, 1928, mailed by appellee to the Worthams, and the return of it to appellee by appellant, attached to his memorandum, no further monthly statements were mailed to the Worthams. As above stated, they were chargeable with knowledge whether they had paid this account to appellee. It is further evident from the record that itemized statements of this account from appellee to the Worthams, came into the possession of appellant, because subsequent to his memorandum, and the extinguishment of the Wortham's indebtedness by appellee and the transfer thereof to appellant, he takes up with appellee certain duplicate charges which he has discovered in the audit of the itemized accounts that had been rendered to the Worthams. He found that these duplicate charges amounted to $594.45, and in his letter to appellee states that his secretary, naming her, will explain them to appellee. He further states in his letter that the cor-

rect amount of the account should be $5,344.08 instead of $5,938.53. The evidence discloses that appellee, upon examining the itemized accounts with appellant's secretary, found that appellant's statements regarding the duplicate charges were correct and the account was corrected to the sum as above stated by appellant to be the correct sum. Knowledge and assent on the part of Mrs. Wortham and her husband that appellant should assume this indebtedness and that they should thereby be discharged therefrom, may be established by facts and circumstances appearing in evidence, and such assent may be implied therefrom. *Walker v. Wood, supra,* p. 467. All the facts and circumstances in this case were proper to be submitted to the jury for the purpose of their determining whether appellant's daughter and her husband knew of the transaction between appellant and appellee and if they assented thereto.

Appellant urges lack of consideration. The consideration to support an agreement of novation need not be pecuniary. The relinquishment of a right, such as the discharge of a debt, the postponement of a remedy or a forbearance, is enough. In relation to novation contracts where the promise is to pay another's debt, in consideration of his being discharged therefrom, it seems to be well settled that there need be no consideration moving between the person promised for and the person who promises. In these cases the validity of the new promise, and the discharge of the original debt, are mutually dependent; they arise at the same time and result from the agreement of the parties that the existing debt shall be extinguished, and the first debtor discharged, in consideration of the new undertaking. The mutual agreement of the parties furnishes the consideration, and as between the original debtor and his creditor, the discharge of the original debt is a sufficient consideration. 20 R. C. L. 367.

Appellant also claims that the $5,344.08 for which he is now sued was a matter of private indebtedness between himself and Mr. T. E. Swords, deceased, who was one of the owners of appellee corporation. It appears from the record that appellant has filed his claim in the probate court against the estate of Mr. T. E. Swords, deceased, for the full amount claimed due by appellant from said deceased, without appellant taking into consideration the alleged indebtedness of $5,344.08 now claimed by him to have been a private indebtedness due from him to the said deceased.

The evidence on behalf of appellee is largely documentary. Whether the evidence of appellee demonstrated the request by appellant as claimed and the consent thereto by appellee, the new agreement and the extinguishment of the old debt, and whether the same occurred with the knowledge and assent of appellant's daughter and her husband, were questions of fact to be decided by the jury. It is undisputed that this material and labor bill has not been paid. The entries on the books of appellee corporation disclose that the accounts were changed as requested by appellant. It also appears in evidence that appellant had due notice thereof, and that subsequent thereto, the account was corrected at appellant's instance. Upon these questions of fact, this court is of the opinion that the evidence and pleadings were sufficient to support the finding of the jury that a novation by all the parties interested actually took place.

Many other questions are raised by appellant, which have been considered, but to discuss them here would extend this opinion beyond reasonable lengths.

We have discovered no errors of law intervening, and find the verdict to be supported by the evidence. The judgment of the trial court is therefore affirmed.

*Judgment affirmed.*