Interstate Folding Box Company, Appellant, v. LaMode Garment Manufacturing Company, Appellee.

Gen. No. 40,492.

Opinion filed October 3, 1939.

MAYER, MEYER, AUSTRIAN & PLATT, of Chicago, for appellant; MILES G. SEELEY and EDWIN A. ROTHSCHILD, both of Chicago, of counsel.

EDWARD GRAFF, of Chicago, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff filed an amended complaint which on motion of defendant was stricken, with judgment for costs, from which plaintiff appeals. The question for decision is whether the complaint states a cause of action. The complaint shows plaintiff is an Ohio corporation manufacturing paper boxes, that defendant manufacturing company is an Illinois corporation doing business in Chicago. The organization of defendant was completed January 13, 1938, when it took over the assets of LaMode Garment Company, another Illinois corporation, to which it is successor.

The LaMode Garment Company on August 14, 1937, made two contracts with plaintiff, copies of which are attached to the original complaint as exhibits "A" and

"B," by which plaintiff agreed to manufacture for and sell to the garment company 25,000 paper boxes at $24.70 per thousand, these boxes to be manufactured at one time and to be shipped as instructed, but all to be taken within six months, on terms of payment stated in the contract, plaintiff reserving the right to overrun or underrun 10 to 20 per cent of the specified quantity, invoices for all unshipped balances to be rendered February 16, 1938. Plaintiff manufactured 29,875 of these boxes. The complaint also avers that September 20, 1937, by contract in writing (copy of which is attached as exhibit "C") plaintiff agreed to manufacture and sell to the garment company and the garment company to buy from the plaintiff 25,000 folding boxes at $49.20 per thousand, to be manufactured at once, 5,000 to be shipped as soon as possible, balance as instructed, and all to be taken within three months from date of order, with the right of plaintiff to overrun or underrun from 10 to 20 per cent as to the specified quantity. Plaintiff manufactured 26,900 of these boxes. Plaintiff at the request of the garment company made shipments on both orders on dates set out in the complaint, and the garment company failed to pay as agreed. The last shipment was made November 20, 1937.

January 3, 1938, plaintiff received notice in writing that the garment company had entered into a contract with one Kurtzon for the sale of all its assets for "a sum equal to 50 per cent of the amount owing to creditors of the vendor for merchandise heretofore delivered to it," and that a corporation would be formed by the vendee to take possession of the assets of the vendor garment company not sooner than 5 days and not later than 20 days after the date of the notice.

January 6, 1938, plaintiff received a notice from a group of creditors of the garment company informing it that the garment company through Gershenow, its president, had advised creditors of its inability to meet current expenses, and that the proposed sale of its as-

sets to a new corporation to be formed by Kurtzon was a "plan of reorganization" to which these creditors had agreed and which they recommended to other creditors.

The amended complaint says this plan of reorganization for the sale of the garment company to Kurtzon, or a new corporation to be organized, was unfair and fraudulent as to plaintiff and would result in hindering and delaying plaintiff for the reason that creditors of the garment company who had delivered all goods sold by them to it would receive one-half of their full claim, whereas the plaintiff (having delivered only a part of the merchandise sold by it to the company) would receive no compensation whatever with respect to the undelivered portion of merchandise; that the garment company was to be stripped of all its assets so that the balance of plaintiff's claim would be totally uncollectible upon completion of the new organization. Plaintiff protested to the garment company on this ground, whereupon Gershenow advised plaintiff that the new corporation would be substantially the same as the old though under a slightly different name, and that he (Gershenow) was to be one of the principals in the reorganized company, had authority to act for it, and proposed that if plaintiff would agree to accept from the reorganized company in settlement of its claim for the purchase price of the boxes delivered 50 per cent of the purchase price, and release the garment company from liability under the contracts, the new company would take over and assume these contracts and would accept delivery of all boxes remaining undelivered and pay for same at the contract price. Relying on these representations plaintiff agreed, refrained from taking any action to prevent the reorganization or sale of assets or to enforce the obligations of the garment company under the contracts.

January 13, 1938, the organization of the LaMode Garment Manufacturing Company had been completed

and the assets of the old company conveyed to it. January 17, 1938, defendant, with full knowledge of the agreement between plaintiff and Gershenow, instructed plaintiff to ship to it 2,000 boxes manufactured under the contract of August 14, 1937, and 1,000 of the boxes manufactured under the contract of September 20, 1937. These boxes were shipped to defendant by plaintiff, were accepted and paid for by defendant at the price specified in the contract, thereby, as the complaint avers, ratifying and confirming the authority of Gershenow to agree in its behalf, and thereby taking over and assuming the contract, enjoying the benefits, and agreeing to a novation whereby the old garment company was released and its obligations assumed by defendant. The complaint goes on to state that later defendant repudiated the agreement made in its behalf and refused to carry out the contracts as agreed.

The record does not disclose on what theory the trial judge came to the conclusion that the complaint failed to state a cause of action. It is the theory of plaintiff that under the facts as alleged defendant, as a successor corporation, must be held to have assumed, ratified and adopted the contracts of its predecessor for a valuable consideration, and is therefore bound by the terms of these contracts. Defendant says the complaint does not allege that Gershenow was authorized by defendant to make an agreement for the new corporation which as yet had not been organized. Gershenow, of course, did not have authority to act for an entity not yet in existence. The complaint however says Gershenow said he was to be one of the principals in the reorganized corporation, and that he had authority to act for it. The proposed agreement was presumably to go into effect only on completion of the organization of the new company. The metaphysical difficulty disappears when this fact is recognized. Granting that Gershenow did not have authority at the time his offer was made, the new corporation as soon as it came into

existence could accept the offer and by so doing ratify and adopt the action of the unauthorized agent. According to the complaint the offer was that if plaintiff would accept from the new company 50 per cent of the purchase price of the boxes delivered under the contracts with the old company, and release the old company from liability, the new company would take over and assume the obligations of the contracts with the old company, accept delivery of the undelivered boxes and pay for them at the contract price. Plaintiff agreed to this, did not oppose the sale of assets to the new company nor oppose the reorganization, which he had a legal right to do. This was sufficient consideration.

After defendant's organization was completed on January 13, 1938, as LaMode Garment Manufacturing Company (the word "manufacturing" was the only additional word in the name of the new corporation) the assets of the old company were conveyed to it, and four days thereafter, with full knowledge of the agreement as made for it by plaintiff and Gershenow, defendant proceeded to carry out this agreement by ordering 2,000 of the boxes manufactured under the contract of August 14, 1937, and 1,000 boxes manufactured under the contract of September 20, 1937. These boxes were shipped to defendant who paid therefor the price named in the contracts between plaintiff and the predecessor garment company. A week later defendant repudiated the agreement with the new company. In other words, after enjoying all the benefits it disclaimed all obligation.

The pleading avers, as a conclusion of law from the facts stated, that these facts constituted a novation, or at least that defendant under the circumstances is now estopped to deny its liability on the contracts with the old company. Defendant says the mere fact defendant ordered and paid for 3,000 boxes manufactured under the contracts would not constitute an adoption of these

contracts, ratification thereof, or a novation. This may be true, but this fact with the other facts alleged, such as the offer, the acceptance, receipt of the consideration with knowledge, amounted to adoption, ratification and, we think, created an estoppel to deny a novation. Defendant was a *de facto* corporation before it was a *de jure* corporation. It would serve no useful purpose to discuss the many cases cited in the brief of defendant, most of which are not at all applicable. The Restatement, "Contracts," says: "A novation is a contract that (a) discharges immediately the previous contractual duty or a duty to make compensation, and (b) creates a new contractual duty, and (c) includes as a party one who neither owed the previous duty nor was entitled to its performance." (See Restatement, Contracts, ch. 13, sec. 424, p. 798.) Defendant says the statement of Gershenow could not bind defendant. The defendant could not be immediately bound by a promise of Gershenow made in its behalf when it was not in fact in existence; but when, as the complaint alleges, defendant with full knowledge took possession of all the assets of the garment company, thus depriving plaintiff of the means by which the garment company's obligation to plaintiff could be enforced, and when, as under circumstances alleged in the complaint, it ratified Gershenow's agreement made in its behalf by ordering under the contracts and paying the prices named in the contracts it would seem, irrespective of whether there was a technical novation at the time of the Gershenow promise, that defendant is now estopped to deny the novation. Defendant says the complaint fails to state that defendant acted with knowledge. Defendant is mistaken. The complaint does aver knowledge.

It would be an unprofitable task to discuss all the cases cited by the parties. The principles are elementary and fundamental and are sustained by many well considered cases. *Wiggins Ferry Co. v. Ohio & M. Ry.*

*Co.,* 142 U. S. 396, 35 L. Ed. 1055, 12 Sup. Ct. 188; *E. E. Taenzer & Co. v. Chicago, R. I. & P. R. Co.,* 170 Fed. 240; *Chicago & Alton R. R. Co. v. Chicago, V. & W. Coal Co.,* 79 Ill. 121; *Zanes v. Lehigh Valley Transit Co.,* 41 F. (2d) 552, affirmed 46 F. (2d) 848, cert. denied 284 U. S. 619, 76 L. Ed. 528, 52 Sup. Ct. 8; *Swords Co. v. Hogland,* 278 Ill. App. 611; *In re Ideal Steel Wheel Co.,* 25 F. (2d) 651; 1 Fletcher, Corporations, Perm. Ed. 1931, secs. 207, 208; *White v. Stevens,* 326 Ill. 528; *Brownholtz v. Providers Life Assur. Co.,* 329 Ill. 42; *Norris v. Hess Bright Co.,* 185 Ill. App. 262; *Saltonstall v. Mead,* 191 Ill. App. 173; *Pitts v. D. M. Steele Mercantile Co.,* 75 Mo. App. 221.

For the reasons stated the judgment is reversed and the cause remanded with directions to enter a rule on defendant to answer the complaint.

*Reversed and remanded with directions.*

O'CONNOR and McSURELY, JJ., concur.