Zottoli, J.
The plaintiff seeks to recover $55.00 it alleges is due from the defendant under the terms of a written promise. The evidence reported is meagre. Disbelieving part of the testimony; Cosman v. Donovan, 282 Mass. 224, 228; Topjian v. Boston Casing Co., 288 Mass. 167; and taking the evidence in its view most favorable to the plaintiff; Winchester v. Erickson, 281 Mass. 210, 212; Dillon v. Town of Framingham, 288 Mass. 511, 513; the Court would be warranted in finding that the defendant, an attorney for one Axel Johnson, who was in the plaintiff’s hospital for treatment for injuries received in an automobile accident, signed a paper which read as follows: “Milton Hospital. If and when settlement is made I hereby accept the order of my client, Axel Johnson, and will pay the Milton Hospital direct the full sum of the Hospital bill $55.00 signed Rubin E. Gerber, 11 Beacon Street, Boston, Laf. 0038. Witness: M. E. Saunders, Date: Oct. 24, 1934.”
*469 The evidence warranted further findings that on the date he signed the paper above referred to he “called to see his client at the hospital... that he saw a nurse ... that she said Johnson was ready to leave the hospital but that his bill, amounting to $55.00 had not been paid; that she said it would be necessary for the (defendant) to sign the paper; that unless the paper was signed, they would not discharge Mr. Johnson,... that he (the defendant) did sign the paper at that time; that he went up to see Mr. Johnson who was all dressed and ready to leave the hospital, and that they then walked out of the hospital together; . . . that he (the defendant) brought suit on behalf of Johnson, and some time thereafter the case was settled for $225.00; that he took his fee out of that settlement and gave the entire balance to Johnson who told him that he would pay the hospital bill.”
At the dose of the trial the defendant duly filed the following requests for rulings:
“1. As a matter of law, there was no consideration for the defendant’s promise to pay the debt of his client to the plaintiff.
“2. In order that the plaintiff recover, it is necessary for the plaintiff to show a legal consideration for the defendant’s promise to pay the hospital bill of his client to the plaintiff.
“3. As matter of law, the evidence is insufficient to warrant a finding that there was a legal consideration for the defendant’s promise.”
The Court denied the first request, commenting: “Discharge from hospital of defendant’s client was the consideration”; allowed the second request; denied the third request and found for the plaintiff. The Court reports his action on the first and third requests for our consideration. The defendant, in his brief, states that the “single question in the case is whether there was a legal consideration for *470 the defendant’s promise to> pay the hospital bill owed by Johnson.” His argument assumes that the Court was bound to find that the defendant’s promise was obtained by the hospital’s threat to refuse to allow the plaintiff to leave the hospital unless the paper was signed. That argument overlooks the fact that the Court was not compelled to believe the defendant’s testimony on that issue. The Court could believe or disbelieve the testimony of the defendant even though uncontradicted. Devine v. Murphy, 168 Mass. 249, Lindenbaum v. New York, New Haven & Hartford Railroad, 197 Mass. 314, 333, Topjian v. Boston Casing Co. Inc., 288 Mass. 167.
The defendant further argues that if the Court disbelieved that part of his testimony which relates to the threats above referred to “no other or further consideration has been shown in the evidence at the trial.” In substance, his position is that “no advantage or benefit occurred to either of the parties (meaning the defendant or his client) by the signing of this paper and no legal detriment was caused the plaintiff.” The defendant’s argument is not novel. The fundamental law relating to a somewhat similar situation was re-examined by our Appellate Division in the case of Suffa, Ex. v. Graham, No. 110014 (1927) 31 App. Div. 320, where the cases are collected. We deem unnecessary a restatement of what is there set forth at considerable length. Suffice to say, that the Court cites “a fairly respectable line of precedents holding that a mere consent by A, agent for B, upon B ’s order, to pay a part of a fund yet to fall in, to C, to whom B is indebted, binds the fund when received. ’ ’ McKee v. Lamon, 159 U. S. 317, Same v. Latrobe, 159 U. S. 326, Bourne v. Cabot, 3 Met. 305, St. John v. Charles, 105 Mass. 262, Buttrick Lumber Co. v. Collins, 202 Mass. 413, 418, Hall v. Marston, 17 Mass. 575.
*471 At the time the defendant signed the so-called agreement, he was not the obligor of a chose in action. He merely owed a duty, an allegiance, and by consent of all, the allegiance to- one became an allegiance to two, cf. Flynn v. B. & M. RR., 204 Mass. 141, 144; Horton v. Wickwire Spencer Co., 239 Mass. 584, 586, except that as to the plaintiff it is contingent on the receipt of the fund. What right of withdrawal he or Johnson might have had before receipt of the money has become a moot question, cf. 1 Williston Contracts, See. 139, Mechem Agency, See. 1447.
The following quotation from the case of Suffa, Fx. v. Graham, above cited, applies here with equal force: “Upon receipt (of the money) his duty became fixed, because all the parties in interest have so willed and consented. It is money which in good conscience he ought to pay to- this plaintiff because he has previously assented to that result, which expresses in another way what is said in McKee v. Lamon, 159 U. S. 317, and other cases, that receipt of the money is a good consideration for his promise.” That his engagement is not the empty thing the defendant supposes may be tested by considering whether had he paid the plaintiff, Johnson could collect over. cf. Moors v. Washburn, 159 Mass. 172.
It is apparent that the final conclusion reached by the trial justice is right. It matters not that the legal approach to the end result may not be correct; though we do not intimate that the latter is true. All we mean to say is that it is familiar law that a right ruling will be sustained although a wrong reason is given and that a wrong ruling is not reversible error where a finding of fact shows that the right ultimate result has been attained. Means v. Cotton, 225 Mass. 313, 318, White v. Slattery Co., 236 Mass. 36, cf. Randall v. Peerless Motor Car Co., 212 Mass. 352, 384.
*472 There is, therefore, no necessity to consider whether the “discharge” was a legal consideration, or what incidents the term “discharged” ordinarily might include, or whether the doctrine of estoppel applies, cf. Restatement of the Law, Contracts, Ch. 3, Topic 4.
Report dismissed.